# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**EMMANUEL EDOKOBI**
2005 Stratton Drive
Potomac, Maryland 20854
       Pro se
       **PLAINTIFF,**

V.

**SUNTRUST BANK**
C/o Matthew A. Egeli, Esq., (SunTrust Bank's Attorney)
EGELI LAW FIRM, PLLC; 108 D MacTanly Place Staunton,
VA 24402-3208;

**ASSOCIATED CREDIT SERVICES, INC.**
Principal Office:115 Flanders Rd.,
Suite 140 Westborough, MA 01581;

Serve on:
CSC-Lawyers Incorporating Service Company; 7 St. Paul
Street (Suite 820) Baltimore, Maryland 21202,

**ANDREW B. ROBINSON** (In His Personal and Official
Capacities as President/Chief Executive Officer)
ASSOCIATED CREDIT SERVICES, INC. Principal Office:115
Flanders Rd., Suite 140 Westborough, MA 01581

Serve on:
CSC-Lawyers Incorporating Service Company; 7 St. Paul
Street (Suite 820) Baltimore, Maryland 21202,

**JASON NEEL** (In His Personal and Official Capacities as
Chief Operations Officer) ASSOCIATED CREDIT SERVICES,
INC. Principal Office:115 Flanders Rd., Suite
140 Westborough, MA 01581

Serve on:
CSC-Lawyers Incorporating Service Company; 7 St. Paul
Street (Suite 820) Baltimore, Maryland 21202,

**ENEE I. VINIK,** (In Her Personal and Official Capacities as
Controller and Chief Financial Officer) ASSOCIATED CREDIT
SERVICES INC. Principal Office:115 Flanders Rd., Suite
40 Westborough, MA 01581

Serve on:
CSC-Lawyers Incorporating Service Company; 7 St. Paul
Street (Suite 820) Baltimore, Maryland 21202,

**DONNA WILSON,** (In Her Personal and Official Capacities as
Manager, Operations Support) ASSOCIATED CREDIT

**CIVIL ACTION NO:** 464755-V



MAR 22 2019

Clerk of the Circuit Court
Montgomery County, Md.

1

SERVICES, INC. Principal Office:115 Flanders Rd., Suite
140 Westborough, MA;
Serve on:
CSC Lawyers Incorporating Service Company; 7 St. Paul
Street (Suite 820) Baltimore, Maryland 21202,

**ALFRED LETENDRE**, (In His Personal and Official Capacities
as Collection Manager) ASSOCIATED CREDIT SERVICES,
INC. Principal Office:115 Flanders Rd., Suite
140 Westborough, MA 01581;

Serve on:
CSC Lawyers Incorporating Service Company; 7 St. Paul
Street (Suite 820) Baltimore, Maryland 21202,

**CHRISTINE MONTECALVO** (In Her Personal and Official
Capacities as Client Services Manager) ASSOCIATED
CREDIT SERVICES, INC., Principal Office:115 Flanders Rd.,
Suite 140 Westborough, MA 01581;
Serve on:
CSC Lawyers Incorporating Service Company; 7 St. Paul
Street (Suite 820) Baltimore, Maryland 21202,

### DEFENDANTS.

---

**PLAINTIFF EMMANUEL EDOKOBI ("PLAINTIFF") FILES CIVIL ACTION COMPLAINT AGAINST
SUNTRUST BANK ("SUNTRUST"), ASSOCIATED CREDIT SERVICES, INC., ("ASSOCIATED"), ANDREW
ROBINSON ("ROBINSON"), JASON NEEL ("NEEL"), RENEE VINIK, ("VINIK"), DONNA WILSON,
("WILSON"), ALFRED LETENDRE, ("LETENDRE") AND CHRISTINE MONTECALVO ("MONTECALVO")**

Plaintiff, Emmanuel Edokobi by Himself as a pro se ("Plaintiff") hereby brings this Civil Action against

Defendant SunTrust and Other Defendants Named in this Civil Action, because; between October 24, 2015 and

February 15, 2019 that SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and

with SunTrust's Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust Bank and with the

Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust Conspired with Defendants Associated,

Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo to Demand for Overdraft Payments to SunTrust in the

amounts of **$480.19 and $450-19; Sum Of $930.38** That; SunTrust Paid to Merchant or Merchants Unknown to Plaintiff

Out of Plaintiff's SunTrust Personal Checking No. 100015137206 and Without Plaintiff's Authorization and Without

Offering Plaintiff Opportunity to Stop those Payments Pursuant to Pages 10, 20 and 47 of the **Contract Agreement**

between Plaintiff and SunTrust and; Plaintiff Did Not Use the Said Money; Nor Ask For Said Money; in the Payments

of Plaintiff's Car Notes and Plaintiff demands a trial by jury on all issues so triable pursuant to Md. Rule 2-325(a)

and Md. Rule 2-511(a) and Plaintiff will not stipulate to a jury of less than twelve (12) jurors and Plaintiff by this Civil Action avers on knowledge, information, and belief hereunder as follows:

## I.   JURISDICTION AND VENUE

1.      The Jurisdiction of the Circuit Court for Montgomery County of Maryland is proper pursuant to Md. Cts. & Jud. Proc- 6-103(b), because Associated Credit Services Inc., and SunTrust Bank transact businesses and perform works and provide services in different parts of State of Maryland, and regularly do and solicit businesses in the State of Maryland and engage in other persistent courses of conducts in Montgomery County of Maryland.

2.      The Circuit for Montgomery County has Jurisdiction to hear this action pursuant to Md. Code Ann., Cts. & Jud. Proc., § 6-201(a)(b) and § 6-202 (7) (11) and; the Circuit Court for Montgomery County of Maryland has personal jurisdiction over Defendants SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo Pursuant to Md. Cts. & Jud. Proc- 6-103(b) and Md. Code Ann., CTS. & JUD. PROC.§ 1-501.

3.      The Venue of Circuit Court for Montgomery County of Maryland is proper because Circuit Court has subject matter jurisdiction in lawsuits between citizens of different states and the amount in claim is limitless; and Documents relevant to the Claims are Kept in Montgomery County of Maryland.

4.      The Venue of Circuit Court for Montgomery County of Maryland is proper because substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this Judicial District. The Circuit Court is proper because Circuit Court allows compensatory, declaratory, punitive and injunctive reliefs.

## II.   PARTIES

5.      Plaintiff Edokobi is an individual and a natural person and citizen of the United States of America and citizen of the State of Maryland. Plaintiff Edokobi at all times relevant to this Civil Action Operated Personal Bank Account at the SunTrust Bank. Plaintiff Edokobi's Domicile is in Montgomery County of Maryland.

6.      Upon information and belief, Defendant SunTrust Bank is a Corporate Entity with Corporate Head Office at SunTrust Plaza 303 Peachtree Street NE Atlanta, Georgia 30308.

7.      Upon information and belief Defendant SunTrust Bank is Registered in the State of Maryland on October 8, 1999 as a Foreign Corporation and SunTrust Bank Offers Retail Banking Services and other numerous Banking Services to the Public throughout the United States, including in this judicial district.

8.     Upon information and belief, Defendant Associated Credit Services Inc., is a domestic corporation organized on December 8, 1971, under the General Laws of the Commonwealth of Massachusetts with its Principal Office at 115 Flanders Road (Suite 140) Westborough, Massachusetts 01581.

9.     Upon information and belief Defendant Associated Credit Services Inc., is Registered in the State of Maryland on February 11, 1999 as a Foreign Corporation and Associated Credit Services Inc., conducts business of Debt Collection in the State of Maryland.

10.     Upon information and belief, Defendant Andrew Robinson is an individual and a natural person and President/Chief Executive Officer of Associated Credit Services, Inc. Upon information and belief, Defendant Andrew Robinson's Domicile is in the State of Massachusetts.

11.     Upon information and belief, Defendant Jason Neel is an individual and a natural person and Chief Operations Officer of Associated Credit Services, Inc. Upon information and belief, Defendant Jason Neel's Domicile is in the State of Massachusetts.

12.     Upon information and belief, Defendant Renee Vinik is an individual and a natural person and Controller and Chief Financial Officer of Associated Credit Services Inc. Upon information and belief, Defendant Renee Vinik's Domicile is in the State of Massachusetts.

13.     Upon information and belief, Defendant Donna Wilson, is an individual and a natural person and Manager, Operations Support of Associated Credit Services, Inc. Upon information and belief, Defendant Donna Wilson's Domicile is in the State of Massachusetts.

14.     Upon information and belief, Defendant Alfred Letendre, is an individual and a natural person and Collection Manager of Associated Credit Services, Inc. Upon information and belief, Defendant Alfred Letendre's Domicile is in the State of Massachusetts.

15.     Upon information and belief, Defendant Christine Montecalvo is an individual and a natural person and Client Services Manager of Associated Credit Services, Inc. Upon information and belief, Defendant Christine Montecalvo's Domicile is in the State of Massachusetts.

### III.     PLAINTIFF'S ASSERTIONS COMMON TO ALL COMPLAINT

16.     Plaintiff asserts that; between October 24, 2015 and February 15, 2019 that SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual

Overdraft Payments to SunTrust Bank and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust Conspired with Defendants Associated, Robinson, Vinik, Wilson, Letendre and Montecalvo to Demand for Overdraft Payments to SunTrust in the amounts of **$480.19 and $450-19; Sum Of $930.38** and that; Plaintiff Did Not Use the Said Money; Nor Ask For Said Money; in the Payments of Plaintiff's Car Notes.

17.    Plaintiff asserts that; Plaintiff's Civil Action against Defendants is Filed to Address Actual Malice and Animosity and Defamatory and Prejudice and Hatred towards Plaintiff and Breach of Contract and Actual Fraud and Constructive Fraud and Civil Fraud Claims and Violation of Fair Debt Collection Practices Act, et seq. (FDCPA) and Civil Conspiracy Claims and Intentional Infliction of Emotional Distress Claims, Aiding and Abetting and Fraud Claims Under ED. R. CIV. P. 9(B)), and Under MD Fin Inst Code § 12-931 and Under Maryland Debt Management Services Act., including MD Comm L Code § 1-304, et seq., Md. Code Ann., Fin. Inst. § 1-301, et seq., and M. Fin Inst. Code § 5-803 and Unjust Enrichment Claims and, Intentional and Malicious Act of Tampering with Plaintiff's SunTrust Bank Account and Usurpation of Plaintiff's Money Kept in Plaintiff's SunTrust Bank Personal Account No. 100015137206.

18.    Plaintiff asserts that; on about May 21, 2012 Plaintiff entered Banking Contract Relationship with SunTrust as described in the Contract Agreement between Plaintiff and SunTrust by Opening Personal Checking Account No. 100015137206.

19.    Plaintiff asserts that; Plaintiff continued to Operate His Personal Checking Account No. 100015137206 at the SunTrust Bank Up Till Tuesday July 31, 3018 and that; **Plaintiff Did Not Violate the Contract Agreement between Plaintiff and SunTrust.**

---

1    The Contract Agreement between Plaintiff and SunTrust is hereby **Marked Exhibit No. 1**

2    SunTrust Bank's Personal Account Signature Card Dated May 21, 2012 is hereby **Marked Exhibit No. 2**

3    A Copy of Plaintiff's Down-graded SunTrust Bank Personal Checking Account No.100015137206 Statements for the Months of May 2018 and June 1018 is hereby **Marked Exhibit No. 3**.

20.    Plaintiff assert that; between October 24, 2015 and February 15, 2019 that; Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust Bank of the Money that; Plaintiff Did Not Use; Nor Ask For; in the Payment of Plaintiff's Car Notes and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust Filed **"COUNTERCLAIM"** against Plaintiff on February 13, 2019 at the United States District Court for the District of Maryland with Civil Case **No. 8:19-CV-00248-PWG**.

---

4    A Copy of SunTrust's **Counterclaim** of Breach of Contract against Plaintiff filed at the U.S. District Court for the District of Maryland on February 13, 2019 in (ECF No. 15) of the Civil Case 8:19-cv-00248-PWG is hereby **Marked Exhibit No. 4.**

21.    Plaintiff asserts that; between <u>October 24, 2015 and February 15, 2019</u> that Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust Bank and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust Initiated the Demand for the Payment of Overdraft to SunTrust in the amount of **$450.19** on February 13, 2019 by Filing **"COUNTERCLAIM"** against Plaintiff and that; Plaintiff Did Not Use the Said Money; Nor Ask For the Said Money; in the Payment of Plaintiff's Car Notes.

22.    Plaintiff asserts that; between <u>October 24, 2015 and February 15, 2019</u> that Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust Bank and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust Initiated the Demand for the Payment of Overdraft to SunTrust in the amount of **$450.19** on February 13, 2019 by Filing **"COUNTERCLAIM"** against Plaintiff and that; Plaintiff **Does Not Make Car Note Payments** in amount of **$450.19** and; Plaintiff's Car Note Payments are described in the Footnote hereunder as follows:

5 All Ally Financial Services ("Ally Financial") Monthly Installment Payment is **$271.11**.
6 Toyota Motor Credit Corp ("TMCC") for Monthly Installment Payment is **$268.17**.

23.    Plaintiff asserts that, SunTrust Demands for the Payment of Overdraft in the amount of **$450.19** is **Bogus And Unfounded** because; Plaintiff Did Not Use the Said Money; Nor Ask For the Said Money; and the Amount of **$450.19** Does Not Reflect in the <u>May 2018 and June 2018</u> Statements of Plaintiff's SunTrust Bank Personal Account No. 100015137206. *(See Exhibit No. 3).*

24.    Plaintiff asserts that, Associated, Robinson, Vinik, Wilson, Letendre and Montecalvo's Demand for the Payment in the amount of **$480.19** is **Bogus And Unfounded** because; Plaintiff Did Not Use the Said Money; Nor Ask For the Said Money; in the Payment of Plaintiff's Car Notes; and the Amount of **$480.19** Does Not Reflect in the <u>May 2018 and June 2018</u> Statement of Plaintiff's SunTrust Bank Personal Account No. 100015137206. (See Exhibit No. 3).

25.    Plaintiff asserts that; between <u>October 24, 2015 and February 15, 2019</u> that Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust Bank and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust Made Payments in the amount of **$480.19 and $450-19; Sum Of $930.38** to Merchants

Unknown to Plaintiff Without Plaintiff's Authorization and in Violation of SunTrust Bank's Rules and Regulations.

26.     Plaintiff asserts that; Plaintiff is a disabled covered employee under Md. Lab. & Empl. Code Ann. Sections 9-672 and 9-673(b) and under Code of Maryland Regulations ("COMAR") Title 14, § 09.01.00 et seq., COMAR 14.09.07.10(a) and that, Plaintiff <u>Does Not Work</u> Due to Medical Disability on Plaintiff[s Left-Hand which was traumatized and severely injured in an Auto Accident on <u>October 14, 2015</u> which occurred while performing Plaintiff's Employer's Lawful Job Assignments in Washington D.C.

27.     Plaintiff asserts that; <u>on Wednesday March 9, 2016</u> Plaintiff had a Meeting with Mr. Joseph Hartlove Vice President Branch Manager at SunTrust Bank's Branch Office at 16000 Shady Grove Road Gaithersburg, Maryland 20877 to discuss about Plaintiff's SunTrust Bank Personal Checking Account No. 100015137206.

28.     Plaintiff asserts that; Mr. Joseph Hartlove Vice President Branch Manager at SunTrust Bank Advised Plaintiff that; Plaintiff's SunTrust Personal Checking Account No. 100015137206 **"Must Be Down-Graded";** because, Plaintiff's Directly Deposit Had Stopped Coming into the Account.

29.     Plaintiff asserts that; at the Meeting with Mr. Joseph Hartlove Vice President Branch Manager at SunTrust Bank; that, Plaintiff Informed Mr. Joseph Hartlove that; Plaintiff was receiving treatments for Anxiety, Depression, Emotional Distress, Fear, Panic Attacks, Nightmares and Posttraumatic Stress Disorder ("PTSD") and that; there is no motion on Plaintiff's Left Hand that; Plaintiff's Medical Conditions are as the result of injury in an Auto Accident on <u>October 14, 2015</u> which occurred while performing Plaintiff's Employer's Lawful Job Assignments in Washington D.C.

30.     Plaintiff asserts that; at the Meeting with Mr. Joseph Hartlove Vice President Branch Manager at SunTrust Bank; that Plaintiff informed Mr. Joseph Hartlove that; Plaintiff was receiving Temporary Total Disability ("TTD") through Workers Compensation Commission of Maryland ("WCC") at the Rate of **$476.00**, Payable Weekly, and Plaintiff was Depositing Plaintiff's TTD Check into the Plaintiff's SunTrust Bank Personal Checking Account No.100015137206.

31.     Plaintiff asserts that, Mr. Joseph Hartlove Vice President Branch Manager at SunTrust Bank Acknowledged that; those Plaintiff's TTD Checks were Deposited in Plaintiff's SunTrust Bank Personal Checking Account No.100015137206. *(See Exhibit No. 3).*

32.     Plaintiff asserts that; at the end of the meeting with Mr. Joseph Hartlove Vice President Branch Manager at SunTrust Bank that; Mr. Joseph Hartlove gave His Business Card to Plaintiff. *(See Exhibit No. 5).*

33.    Plaintiff asserts that; SunTrust Bank is fully aware that; Plaintiff <u>Does Not Work</u>  for which SunTrust Bank Down-graded Plaintiff's Personal Checking Account No. 100015137206 for Payment of  **$10.00** each month to SunTrust Bank for the Maintenance of Plaintiff's Personal Checking Account No.100015137206. *(See Exhibit No. 3).*

34.    Plaintiff asserts that; at the time that; Plaintiff Was Working and His Earnings Going into His Personal Checking Account No. 100015137206, that; SunTrust Bank Did Not Charge Maintenance Fees  of **$10.00**.

---

7        A Copy of Business Card of Mr. Joseph Hartlove Vice President Branch Manager at SunTrust Bank's Branch Office at 16000 Shady Grove Road Gaithersburg, Maryland 20877 is hereby **Marked Exhibit No. 5.**

35.    Plaintiff asserts that; <u>on June 26, 2018</u> SunTrust Bank Charged Monthly Fees of **$10.00** for the Maintenance of Plaintiff's Down-graded Personal SunTrust Bank Checking Account No.100015137206.

36.    Plaintiff asserts that; <u>on May 29, 2018</u> SunTrust Bank Charged Monthly Fees of **$10.00** for the Maintenance of Plaintiff's Down-graded Personal SunTrust Bank Checking Account No.100015137206.

37.    Plaintiff asserts that; Plaintiff's Down-graded Personal SunTrust Bank Checking Account No. **100015137206 "DOES NOT QUALIFY FOR SUNTRUST BANK'S EXTENSION OF CREDITS" WITHOUT PLAINTIFF'S AUTHORIZATION DUE TO PLAINTIFF'S LIMITED SOURCE OF INCOME".**

38.    Plaintiff asserts that; Plaintiff Did Not Request from SunTrust Bank's Credits for the Payments of those Car Notes and  that; Plaintiff Does Not Need Those Credits that; SunTrust Bank Surreptitiously Extended to Plaintiff's Down-graded Personal Suntrust Bank Checking Account No.100015137206 Without Plaintiff's Authorization.

39.    Plaintiff asserts that; on <u>Saturday April 26, 2014</u>  Plaintiff and His Wife went to Young Motors and Plaintiff Purchased Mitsubishi Outlander 2014 which Plaintiff Financed through <u>Ally Financial Services</u> ("Ally Financial") for a Monthly Installment Payment of **$271.11**.

40.    Plaintiff asserts that; Plaintiff was making payment to Ally Financial through **Online Payment** and through SunTrust Bank with Plaintiff's SunTrust Bank Personal Checking Account No. 100015137206.

41.    Plaintiff asserts that; on <u>Saturday October 24, 2015</u> Plaintiff's Wife and Daughter together with Plaintiff went to DARCARS Pre-Owned Auto Outlet Located at 3110 Automobile Boulevard, Silver Spring, Maryland 20904 and Plaintiff Purchased a Nissan Altima 2014 Sedan from DARCARS Pre-Owned Auto Outlet for Plaintiff's Daughter.

42.   Plaintiff asserts that; on <u>Saturday October 24, 2015</u> Plaintiff Entered Financing of the Nissan Altima 2014 Sedan that Plaintiff Purchased from DARCARS Pre-Owned Auto Outlet with Toyota Motor Credit Corp ("TMCC") for Monthly Installment Payment of **$268.17**.

43.   Plaintiff asserts that; Plaintiff was making **Online Payment** through SunTrust Bank with Plaintiff's SunTrust Bank Personal Checking Account No. 100015137206.

44.   Plaintiff asserts that; Plaintiff Pays His Monthly Car Note of **$268.17** Payment Each Month Timely and that, Plaintiff Did Not Miss Payment of **$268.17** Each Month to TMCC.

45.   Plaintiff asserts that; Plaintiff was making His monthly Car Note Payment of **$268.17** to TMCC through Plaintiff's SunTrust Bank Personal Checking Account No. 100015137206.

46.   Plaintiff asserts that; <u>on July 31, 2018</u> SunTrust Bank arbitrarily, Closed Plaintiff's Down-graded SunTrust Bank Personal Checking Account No. 100015137206; "After SunTrust Bank Posted An Extended Overdraft Fee in the amount of **$36.00"** Posted on <u>July 3, 2018</u> which was the Last Entry of Activity in the Plaintiff's Down-graded Personal Checking Account No. 100015137206. *(See Exhibit Number 3).*

47.   Plaintiff asserts that; Plaintiff's Down-graded SunTrust Bank Personal Checking Account No. 100015137206 **"AS AT JUNE 27, 2018";** "After Plaintiff's Authorization of the Car Note Payment **of $268.17 to TMCC** **"HAD POSITIVE BALANCE OF $119.90."** *(See Exhibit No. 3).*

48.   Plaintiff asserts that; between <u>January 8, 2019 and February 22, 2019</u> that; Defendant Associated Credit Services Inc., By Its Agents, Made Numerous Telephone Calls To Plaintiff Using Different Phone Numbers And That; Associated Credit Services Inc., By Its Agents Demanded For The Payment Of **$480.19** Owed To Suntrust Bank By Plaintiff According To Defendant Associated Credit Services Inc.'s Letter Dated February 1, 2019.

49.   Plaintiff Asserts that; <u>Between January 8, 2019 And February 22, 2019</u> That; "Plaintiff Has Continued To Tell Defendant Associated's Agents, That; Plaintiff Does Not Owe SunTrust The Amount Of **$480.19** As Demanded By Defendant Associated's Agents".

50.   Plaintiff Asserts that; on <u>Wednesday February 6, 2019</u> Plaintiff; "Told Defendant Associated's Agents That; Plaintiff Would File A Legal Action Against Defendant Associated And Its Agents And SunTrust; "If Defendant Associated Sent Any Document To Plaintiff Regarding The Payment Of Said **$480.19".**

51.   Plaintiff Asserts that; on <u>Friday February 8, 2019 Plaintiff;</u> "Told Defendant Associated's Agents That;

SunTrust Has Closed Plaintiff's SunTrust Bank Personal Checking Account No. 100015137206 On July 31, 2018 And

That; Plaintiff Does Not Have Access To Plaintiff's SunTrust Bank Personal Checking Account No. 100015137206".

52.   Plaintiff Asserts that; on <u>Friday February 8, 2019 Plaintiff;</u> "Told Defendant's Agents, That; Plaintiff Does

Not Make Car Note Payment In The Amount Of **$480.19".**

53.   Plaintiff Asserts that; on <u>Friday February 8, 2019 Plaintiff;</u> "Told Defendant Associated's Agents That;

Plaintiff Would File Civil Action Against Defendant Associated, And Its Agents That; "If Defendant Associated's Agents"

Sent Any Document To Plaintiff For The Payment Of **$480.19**, Because Plaintiff Does Not Owe SunTrust Bank **$480.19**.

54.   Plaintiff Asserts that; on <u>Tuesday February 12, 2019</u> Plaintiff; "Told Defendant Associated's Agents

Categorically That; Plaintiff Does Not Owe **$480.19** To SunTrust Bank.

55.   Plaintiff Asserts that; on <u>Tuesday February 12, 2019</u> Plaintiff; "Told Defendant Associated's Agents

That; Starting From July 2018 that; Plaintiff Has Been Paying His Car Notes Through Other Banks" And That; Plaintiff Is

Current With His Car Note Payments.

56.   Plaintiff Asserts that; <u>on Friday February 15, 2019</u> Plaintiff Received A Letter From Defendant

Associated, Dated <u>February 1, 2019</u> And The Letter Demands Payment Of **$480.19**.

57.   Plaintiff asserts that; Defendant Associated's, Letter  Dated February 1, 2019 with Associated Account

**No.13260336** which Plaintiff Received <u>on Friday February 15, 2019</u> Demands Payment in the amount of **$480.19** and

Associated's Letter provides in pertinent part as follows:

---

[8]      "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor".

[9]      A Copy of Defendant Associated Credit Services Inc's Letter., Dated February 1, 2019 which Plaintiff received on February 15, 2019 is hereby **Marked Exhibit No. 6.**

58.   Plaintiff asserts that; Plaintiff Does Not Owe SunTrust Bank **$480.19** that; Defendant Associated's Letter

Demands for its payment because; Exhibit No. 3 Confirms that, the <u>Overdraft In Question Was **$502.19**</u> **which Accrued**

**from <u>SunTrust Bank Allowing TMCC To Take $536.34</u>** from Plaintiff's Down-graded SunTrust Bank Personal Checking

Account No. 100015137206 Without Plaintiff's Authorization on June 27, 2018.

59.   Plaintiff asserts that; October 24, 2015 and February 15, 2019 that SunTrust with Actual Malice and

with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust Bank and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust Conspired with Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo to Demand for Overdraft Payments to SunTrust in the amounts of **$480.19 and $450-19; Sum Of $930.38;** and that; Plaintiff Did Not Use the Said Money; Nor Ask For Said Money; in the Payments of Plaintiff's Car Notes.

60.    Plaintiff asserts that; between October 24, 2015 and February 15, 2019 that SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust Bank and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically By; SunTrust Making Payments in the amounts of **$480.19 and $450-19; Sum Of $930.38** to Merchants Unknown to Plaintiff Out of Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206 Without Plaintiff's Authorization and in Violation of the Contract Agreement between Plaintiff and SunTrust. *(See Exhibits, 1 and 3).*

## IV.    CAUSES OF ACTION COMMON TO ALL CLAIMS

### COUNT 1:
### BREACH OF CONTRACT ----------AGAINST SUNTRUST

61.    Paragraphs 1 through 60 are re-alleged as though fully set forth herein.

62.    As set forth herein; **Breach of Contract** Against SunTrust.

63.    Plaintiff asserts that; **Breach of Contract** is brought against SunTrust Pursuant to Pages 10;  20 and 47 of the **Contract Agreement**  between Plaintiff and SunTrust Marked Exhibit No. 1 of the Civil Action.

64.    Plaintiff asserts that, **SUNTRUST BREACHED THE CONTRACT BY DENYING PLAINTIFF THE OPPORTUNITY TO STOP THESE PAYMENTS; $480.19 AND $450-19; SUM OF $930.38** That; SunTrust Paid to Merchant Or Merchants Unknown To Plaintiff Out of Plaintiff's SunTrust Personal Checking No. 100015137206 and Without Plaintiff's Authorization and Without Offering Plaintiff Opportunity to Stop Those Payments in Violation of Pages 10; 20 and 47 of the **Contract Agreement** between Plaintiff and SunTrust Marked Exhibit No. 1 of the Civil Action.

65.    Plaintiff asserts **Breach of Contract** against SunTrust Pursuant to Pages 20 and 47 of the **Contract Agreement** between Plaintiff and SunTrust Marked Exhibit No. 1 of the Civil Action because; **SUNTRUST DENIED PLAINTIFF THE OPPORTUNITY TO STOP THE PAYMENTS OF $480.19 And $450-19; Sum Of $930.38** That; SunTrust Paid To Merchant Or Merchants Unknown to Plaintiff Without Plaintiff's Authorization and

in Violation of Pages 10; 20 and 47 of the **Contract Agreement**. *(See Pages 10; 20 of 47 of Exhibits 1 and 2).*

66.   Plaintiff asserts that; between <u>October 24, 2015 and February 15, 2019</u> that; Defendant SunTrust with

Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff

in Perpetual Overdraft Payments to SunTrust and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically

That; SunTrust Paid **$480.19 and $450-19; Sum Of $930.38** to Merchant or Merchants Unknown to Plaintiff Out of

Plaintiff's SunTrust Personal Checking No. 100015137206 Without Plaintiff's Authorization and Without Offering

Plaintiff's Opportunity to Stop those Payments in Violation of Pages 10; 20 and 47 of the **Contract Agreement**

between Plaintiff and SunTrust. *(See Pages 10; 20 of 47 of Exhibits 1 and 2).*

67.   Plaintiff asserts that, Plaintiff is an Authorized Signature for Plaintiff's SunTrust Personal Checking No.

100015137206 Pursuant to Exhibit No.1 and Page 10 of **Contract Agreement** between Plaintiff and SunTrust and that;

Plaintiff is Authorized to Stop those Payments in the amounts of **$480.19 and $450-19; Sum Of $930.38** That; SunTrust

Paid to Merchant or Merchants Unknown to Plaintiff and Without Plaintiff's Authorization and Without Offering Plaintiff

Opportunity to Stop those Payments Pursuant to Pages 10, 20 and 47 of the **Contract Agreement** between Plaintiff and

SunTrust. *(See Pages 10; 20 and 47 of Exhibits 1 and 2).*

68.   Plaintiff asserts that; Pages 10; 20 and 47 of the **Contract Agreement** between Plaintiff and SunTrust

Marked Exhibit No.1 of the Civil Action are provided in pertinent part hereunder in the Footnote as follows:

---

[10]      "The Bank accepts no liability with respect to an Account except to the Depositor, and shall not be liable to Depositor's officers, directors, stockholders, partners, joint ventures or other interested persons. The Bank will rely upon the **SIGNATURE CARD**, resolution or other written designation of **AUTHORIZED SIGNERS** on an Account until we have received written notice in a form acceptable to the Bank that the authority has been terminated and we have had a reasonable time to act upon the notice. *(P10).* "Stop Payment Orders. "Any **AUTHORIZED** Signer on an Account may stop payment on a check or draft drawn on the Account, if the check or draft has not already been paid or cashed by SunTrust. You may request a stop payment on an Automated Clearing House (ACH) debit to your Account if the item has not already been paid. You are responsible for notifying the originator/sender that you have revoked your previous **AUTHORIZATION** for ACH debits'". *(P20).* You may be able to give us a specific expiration date for certain stop payment orders if you choose to do so. You must notify the payee that you have **WITHDRAWN YOUR AUTHORIZATION** for any preauthorized (recurring) transaction. Charges for stop payment orders are shown in the Bank's fee schedule". *(P47). (See Pages 10; 20 and 47 of Exhibits 1 and 2).*

69.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against SunTrust in

the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus

interest, costs and any other relief this Court deems just and proper.

## COUNT 2:
## BREACH OF CONTRACT ----------AGAINST SUNTRUST

70.     Paragraphs 1 through 69 are re-alleged as though fully set forth herein.

71.     As set forth herein; **Breach of Contract** Against SunTrust.

72.     Plaintiff asserts that; **Breach of Contract** is brought against SunTrust Pursuant to Pages 10; 20 and 47 of the **Contract Agreement** between Plaintiff and SunTrust Marked Exhibit No. 1 of the Civil Action.

73.     Plaintiff asserts that, SunTrust **Breached the Contract** by Denying Plaintiff the Opportunity to Stop the Payment Of **$450-19** that SunTrust Paid to Merchant Or Merchants Unknown To Plaintiff and Without Plaintiff's Authorization and in Violation of Pages 10;  20 and 47 of the **Contract Agreement** between Plaintiff and SunTrust.

74.     Plaintiff asserts that; between <u>October 24, 2015 and February 15, 2019</u> that; Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically That; Suntrust Breached The **Contract Agreement** Between Plaintiff And Suntrust By; SunTrust Making Payment In The Amount Of **$450-19;** to Merchant or Merchants Unknown to Plaintiff Out of Plaintiff's SunTrust Personal Checking No. 100015137206 and Without Plaintiff's Authorization and Without Offering Plaintiff Opportunity to Stop The Payment Pursuant to Pages 10;  20 and 47  of the **Contract Agreement** between Plaintiff and SunTrust Marked Exhibit No. 1 of the Civil Action. (*See Pages 10;  20 and 47 of  Exhibits 1 and 2*).

75.     Plaintiff asserts that, Plaintiff is an Authorized Signature for Plaintiff's SunTrust Personal Checking No. 100015137206 Pursuant to Page 10 of **Contract Agreement** between Plaintiff and SunTrust and that; Plaintiff is Authorized to Stop the Payment in the amount of **$480.19** That; SunTrust Paid to Merchant or Merchants Unknown to Plaintiff and Without Plaintiff's Authorization and Without Offering Plaintiff Opportunity to Stop the Payment in Violation of Pages 10, 20 and 47 of the **Contract Agreement** between Plaintiff and SunTrust.

76.     Plaintiff asserts that; Pages 10;  20 and 47 of the **Contract Agreement** between Plaintiff and SunTrust Marked Exhibit No.1 of the Civil Action are provided in pertinent part hereunder in the Footnote as follows:

---

11      "The Bank accepts no liability with respect to an Account except to the Depositor, and shall not be liable to Depositor's officers, directors, stockholders, partners, joint ventures or other interested persons. The Bank will rely upon the **SIGNATURE CARD,** resolution or other written designation of **AUTHORIZED SIGNERS** on an Account until we have received written notice in a form acceptable to the Bank that the authority has been terminated and we have had a reasonable time to act upon the notice. *(P10).* "Stop Payment Orders. "Any **AUTHORIZED** Signer on an Account may stop payment on a check or draft drawn on the Account, if the check or draft has not already been paid or cashed by SunTrust. You may request a stop payment on an Automated Clearing House (ACH) debit to your Account if the item has not already been paid. You are responsible for notifying the originator/sender that you have revoked your previous **AUTHORIZATION** for ACH debits'". *(P20).* You may be able to give us a specific expiration date for certain stop payment orders if you choose to do so. You must notify the payee that you have

**WITHDRAWN YOUR AUTHORIZATION** for any preauthorized (recurring) transaction. Charges for stop payment orders are shown in the Bank's fee schedule". *(P47). (See Pages 10; 20 and 47 of Exhibits 1 and 2).*

77.     WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 3:

### BREACH OF CONTRACT -------------AGAINST SUNTRUST

78.     Paragraphs 1 through 77 are re-alleged as though fully set forth herein.

79.     As set forth herein, of **Breach of Contract** against Defendant, SunTrust.

80.     Plaintiff asserts that; between October 24, 2015 and February 15, 2019 that; Defendant SunTrust Breached Contract by SunTrust Making Payments in the amounts of **$480.19 and $450-19; Sum Of $930.38** Out of Plaintiff's SunTrust Bank Personal Checking Account No. 100015137206 to Merchant or Merchants Unknown to Plaintiff Without Plaintiff's Authorization and Without Offering Plaintiff Opportunity to Dispute The Payments Pursuant to the **Contract Agreement** between Plaintiff and SunTrust Marked Exhibit No. 1 of the Civil Action.

81.     Plaintiff asserts that; SunTrust **Breached Contract** by SunTrust's Failure to Provide Plaintiff with Information on Merchant or Merchants that; SunTrust Paid **$480.19 and $450-19; Sum Of $930.38** for which Plaintiff is Denied the Opportunity to **Dispute** the Payments Pursuant to SunTrust's Rules and Regulations Documentation which provides hereunder in the Footnote as follows:

---

[12]     "Unless you notify this office within 30 days after receiving this notice that you **dispute the validity** of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor". (See Exhibit No. 1).

82.     Plaintiff asserts that; by reason of SunTrust's Breach of Contract that, Plaintiff Suffered Economic and Financial Hardships, because; Plaintiff lives on Limited Income for which Plaintiff's SunTrust Personal Checking Account No. 100015137206 was Down-graded and that; SunTrust knows that Plaintiff lives on the Temporary Total Disability ("TTD") through Workers Compensation Commission of Maryland ("WCC") at the Rate of **$476.00** and SunTrust Making Payments of **480.19 and $450-19; Sum Of $930.38** Out of Plaintiff's Account; Without Plaintiff's Authorization to those Unknown Merchant or Merchants Exposes Plaintiff to Untold Economic and Financial Hardships.

83.     WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 4:
## BREACH OF CONTRACT AGA --------AGAINST SUNTRUST

84.     Paragraphs 1 through 83 are re-alleged as though fully set forth herein.

85.     As set forth herein; **Breach of Contract** Against SunTrust.

86.     Plaintiff asserts that; Breach of Contract is brought against SunTrust Pursuant to Page 17 of the Contract Agreement between Plaintiff and SunTrust Marked Exhibit No. 1 of the Civil Action.

87.     Plaintiff asserts that, SunTrust **Breached the Contract** by Making Payment Of **$450-19** to Merchant Or Merchants Unknown To Plaintiff Out of Plaintiff's SunTrust Personal Checking No. 100015137206 and Without Plaintiff's Authorization and Without Offering Plaintiff Opportunity to Stop those Payment Pursuant to Page 17 of the **Contract Agreement.** *(See Page 17 of Exhibit No. 1).*

88.     Plaintiff asserts that; between October 24, 2015 and February 15, 2019 that Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically That; SunTrust Made Payment of **$480.19** to Merchants Unknown to Plaintiff and Without Plaintiff's Authorization in Violation of **Contract Agreement** between Plaintiff and SunTrust. (See Page 17 of Exhibit No. 1).

89.     Plaintiff asserts that; Page 17 of the Contract Agreement between Plaintiff and SunTrust provides in pertinent part hereunder in the Footnote as follows:

---

[13]      "Currently, we use the following method to post items to your Account. Items will be assembled in priority by Group (items in Group 1 would post before items in Group 2 and items in Group 2 would post before items in Group 3, etc.). Next, within each group, items will be posted in the order they are **"AUTHORIZED",** performed, received and/ or processed for that banking day". (See Page 17 of Exhibit No. 1).

90.     WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 5:
## VIOLATION OF MD. FIN INST. CODE § 5-803 ------------AGAINST SUNTRUST

91.     Paragraphs 1 through 90 are re-alleged as though fully set forth herein.

92.     As set forth herein; Violation of Md. Fin. Inst. Code § 5-803 Against SunTrust.

93.     Plaintiff asserts that, SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and SunTrust's Strong Inclinations to Keep Plaintiff in Perpetual Overdraft Payments That; SunTrust Recklessly Violated Md. Fin. Inst. Code § 5-803 by Providing False Information That; SunTrust Paid **$480.19 And $450-19; Sum Of $930.38** Out Of Plaintiff's SunTrust Personal Checking No. 100015137206 To Merchant Or Merchants.

94.     Plaintiff asserts that; SunTrust Recklessly Violated Md. Fin. Inst. Code § 5-803 By Providing False Information That; SunTrust Made Payments In The Amounts Of"; **$480.19 And $450-19; Sum Of $930.38** Out Of Plaintiff's SunTrust Personal Checking No. 100015137206 To Merchant Or Merchants Unknown To Plaintiff.

95.     Plaintiff asserts that; Md. Fin. Inst. Code § 5-803 Prohibits SunTrust From Providing False Information in Relation to **"SunTrust's False Claims Of"; Making Payments in the amounts of $480.19 and $450-19; Sum Of $930.38** Out of Plaintiff's SunTrust Personal Checking No.100015137206 to Merchant or Merchants.

96.     Plaintiff asserts that; Md. Fin. Inst. Code § 5-803 Provides in the Footnote hereunder as follows:

---

[14]     MD. Fin. Inst. Code. § 5-803(a)(b) (Providing False Records): §5-803. (a)(b): (a) "An officer, director, or employee of a bank, trust company, or savings bank may not willfully and knowingly make or cause to be made a false statement or false entry in its records or, with the intent to deceive a person authorized to examine the affairs of the bank, trust company, or savings bank, sign or exhibit false records. (b) Any officer, director, or employee who violates any provision of this section is guilty of a felony and on conviction is subject to a fine not exceeding $5,000 or imprisonment not exceeding 10 years or both".

97.     Plaintiff asserts that; between October 24, 2015 and February 15, 2019 that; Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust's Reckless Violated Md. Fin. Inst. Code § 5-803 by Providing False Information of Making Payments in the amounts of **$480.19 and $450-19; Sum Of $930.38** Out of Plaintiff's SunTrust Personal Checking No. 100015137206 to Merchant or Merchants Unknown to Plaintiff.

98.     WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 6:
## VIOLATION OF MD. FIN INST. CODE § 5-803 ----------------------AGAINST SUNTRUST

99.     Paragraphs 1 through 98 are re-alleged as though fully set forth herein.

100.    As set forth herein; Violation of Md. Fin. Inst. Code § 5-803 Against SunTrust.

101.    Plaintiff asserts that, SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and SunTrust's Strong Inclinations to Keep Plaintiff in Perpetual Overdraft Payments That; SunTrust Recklessly Violated Md. Fin. Inst. Code § 5-803  by Providing False Information That; SunTrust Paid  **$450-19;** Out Of Plaintiff's SunTrust Personal Checking No. 100015137206 To Merchant Or Merchants.

102.    Plaintiff assert that; by reason of SunTrust's Reckless Violation of Md. Fin. Inst. Code § 5-803 By Providing False Information of Making Payment in the amount of  **$450-19;** Out of Plaintiff's SunTrust Personal Checking No. 100015137206 to Different Merchant or Merchants Unknown to Plaintiff that; Plaintiff Has Been Exposed to Severe Emotional Distress and Untold Economic and Financial Hardships.

103.    Plaintiff asserts that; between October 24, 2015 and February 15, 2019 that; Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust Recklessly Violated  Md. Fin. Inst. Code § 5-803 By Providing False Information of Making Payment in the amount of  **$450-19;** Out of Plaintiff's SunTrust Personal Checking No. 100015137206.

104.    WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 7:
### DAMAGES ARE BROUGHT UNDER MD. FIN. INST. CODE § 12-930 IN VIOLATION OF MD. FIN INST. CODE § 5-803 ---------AGAINST SUNTRUST

105.    Paragraphs 1 through 104 are re-alleged as though fully set forth herein.

106.    As set forth herein; Damages Are Brought Under Md. Fin. Inst. Code § 12-930 in Violation of Md. Fin Inst. Code § 5-803 Against Suntrust.

107.    Plaintiff asserts that, Md. Fin. Inst. Code § 12-930 provides Plaintiff with the Legal Right to bring this Claims against SunTrust; Because, SunTrust Recklessly Violated Md. Fin. Inst. Code § 5-803 by Providing False Information That; SunTrust Paid **$480.19 And $450-19; Sum Of $930.38** Out Of Plaintiff's SunTrust Personal Checking No. 100015137206 To Merchant Or Merchants Unknown to Plaintiff.

108.   Plaintiff asserts that; Damages are brought against Defendant SunTrust under Md Fin Inst Code § 12-930; Because SunTrust Violated Md. Fin. Inst. Code § 5-803.

109.   Plaintiff asserts that; Md. Fin. Inst. Code § 5-803 provides in the Footnote hereunder as follows:

---

15         MD. Fin. Inst. Code § 12-930 (Civil Action) §12-930. In addition to any other remedies provided in this subtitle, a consumer may bring a civil action to recover for any damages caused by a violation of this subtitle, including court costs and reasonable attorney's fees.

110.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT 8:
### VIOLATION OF 15 U.S. CODE § 1692E, 1692E(2)(A) AGAINST ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE AND MONTECALVO

111.   Paragraphs 1 through 110 are re-alleged as though fully set forth herein.

112.   As set forth herein; Violation of Violated 15 U.S. Code §?1692e, 1692e(2)(A) against Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo.

113.   Plaintiff asserts that; Defendants By Their **LETTER with Creditor Account #: 0442517090**, Dated February 1, 2019 that Plaintiff Received on February 15, 2019 Violated 15 U.S. Code § 1692e, 1692e(2)(A) by Demanding the Payment of **$480.19** and that; Plaintiff Does Not Owe **$480.19** to SunTrust neither to Defendants.

114.   Plaintiff asserts that; Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo by the Letter Sent to Plaintiff Violated 15 U.S.C. §§ 1692e, 1692e(2)(A), because; Defendants' by the Letter provided false, deceptive, or misleading representation regarding Plaintiff Owing SunTrust **$480.19.**

115.   Plaintiff asserts that; 15 U.S.C. §§ 1692e, 1692e(2)(A) Prohibits Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo from providing false, deceptive, or misleading representation as states hereunder as follows:

1. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
2. The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
3. The false representation of— (A) the character, amount, or legal status of any debt.

116.   Plaintiff asserts that; Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo Violated 15 U.S.C. §§ 1692e, 1692e(2)(A) By Demanding the Payment of **$480.19**, and that; Plaintiff Does Not Owe SunTrust Bank **$480.19** neither Defendants and by reason of Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo's Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) that; Plaintiff Has Suffered and will continue to Suffer the devasting effect of  SunTrust Demanding Unrealistic Payment of **$480.19** through Defendants.

117.   Plaintiff asserts that; Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications and that; Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

118.      WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre Montecalvo and SunTrust in the amount of $5,000,000.00 in compensatory damages in the amount of $8, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT 9:
### VIOLATION 15 U.S. CODE § 1692E, 1692E(2)(A) AGAINST ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE  AND MONTECALVO

119.   Paragraphs 1 through 118 are re-alleged as though fully set forth herein.

120.   As set forth herein; Violated 15 U.S. Code §§1692e, 1692e(2)(A) against Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo.

121.   Plaintiff asserts that, Defendants By Their **LETTER with Creditor Account #: 0442517090**, Dated February 1, 2019 that Plaintiff Received on February 15, 2019 Violated 15 U.S. Code §?1692e, 1692e(2)(A); because Defendants by the Said Letter Demanded for the Payment in the amount of **$480.19.**

122.   Plaintiff asserts that, Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo By Their **LETTER with Creditor Account #: 0442517090,** Failed to properly disclose the amount of the debt, causing the Plaintiff to be uncertain of his rights and leaving him utterly confused as to the total amount that; Defendants alleges that Plaintiff owes now and or in the future and that; Plaintiff is certain that; Plaintiff Does Not Owe SunTrust.

123.   Plaintiff asserts that, Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo By Their **LETTER with Creditor Account #: 0442517090** Violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the debt allegedly owed by the Plaintiff and that; Plaintiff is certain that, Plaintiff Does Not Owe SunTrust.

124.   Plaintiff asserts that, Defendants' Letter Shocks Plaintiff, because; Plaintiff Does Not Owe SunTrust Any Money and Plaintiff Challenges Defendants to Provide Evidence of Plaintiff Owing SunTrust **$480.19.**

125.   Plaintiff asserts that; Defendants' Letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692g(a)(1) for misrepresenting the amount of the debt allegedly owed, and that; Defendants are engaged in deceptive and misleading practices and for failing to state the accurate amount of the debt allegedly owed; because Plaintiff, Does Not Owe SunTrust **$480.19.**

1.   Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

2.   Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

3.   Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

4.   Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

126.   Plaintiff asserts that, Defendants' Letter and Phone Calls Exposed Plaintiff to constant fear and intimidation because Plaintiff Does Not Owe SunTrust an Overdraft in the amount of **$480.19** that Defendants are demanding through Letter and Phone Calls.

127.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre, Montecalvo and SunTrust in the amount of $5,000,000.00 in compensatory damages in the amount of $8, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 10:
### ALLEGATIONS OF ACTUAL MALICE WITH ANIMOSITY AND PREJUDICE AND HATRED TOWARDS PLAINTIFF AND SUNTRUST'S STRONG INCLINATIONS TO KEEP PLAINTIFF IN PERPETUAL OVERDRAFT PAYMENTS----------------AGAINST SUNTRUST

128.   Paragraphs 1 through 127 are re-alleged as though fully set forth herein.

129.   As set forth herein; Allegations of Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and SunTrust's Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments; Against SunTrust.

130.   Plaintiff alleges that; between October 24, 2015 and February 15, 2019 that; Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with SunTrust's Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust and with the Malicious Intent to Hurt Plaintiff Emotionally and

Economically That; SunTrust Demands For An Overdraft Payment in the Amount of **$450.19**; for which SunTrust Has

Filed **"COUNTERCLAIM"** against Plaintiff on <u>February 13, 2019</u> at the United States District Court for the District of

Maryland with Civil Case **No. 8:19-CV-00248-PWG**. *(See Exhibits 3 and 4).*

     131.   Plaintiff alleges that; SunTrust Demands for the Payment of Overdraft in the amount of **$450.19** is

Bogus And Unfounded because; the Amount of **$450.19** Does Not Reflect in the <u>May 2018 and June 2018</u> Statements

of Plaintiff's SunTrust Bank Personal Account No. 100015137206 and that, Plaintiff Does Not Owe SunTrust **$450.19**.

     132.   Plaintiff alleges that; SunTrust Must Produce Document that supports SunTrust Claims of Payment of

**$450.19** for which SunTrust Filed the **"COUNTERCLAIM"** against Plaintiff.

     133.   Plaintiff alleges that, **Plaintiff's Down-Graded Personal SunTrust Bank Checking Account No.**

**100015137206 Does Not Qualify For SunTrust Bank's Extension Of Credits in the amount of <u>$450.19</u> Without**

**Plaintiff's Authorization Due To Plaintiff's Limited Source Of Income.** *(See Exhibits 1 and 3).*

     134.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant

SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive

damages, plus interest, costs and any other relief this Court deems just and proper.

**COUNT 11:**
**VIOLATION OF 15 U.S.C. § 1692G UNDER FAIR DEBT COLLECTION PRACTICES ACT PURSUANT TO 15 U.S.**
**CODE § 1692G (A) (D)----------------AGAINST SUNTRUST BANK**

     135.   Paragraphs 1 through 134 are re-alleged as though fully set forth herein.

     136.   As set forth herein; Violation of 15 U.S.C. § 1692g (a)(d) under Fair Debt Collection Practices Act

(FDCPA) against SunTrust.

     137.   Plaintiff brings this Claim of Violation of 15 U.S.C. § 1692g (a)(d) under Fair Debt Collection Practices

Act (FDCPA) against SunTrust because; SunTrust Violated  Fair Debt Collection Practices Act (FDCPA) Pursuant to 15

U.S.C. § 1692g (a)(d) by SunTrust's Failure to provide Plaintiff Information about SunTrust's Claims of Unpaid  Overdraft

Charges in the amount of **$450.19** before filing the Counterclaim on February 13, 2019.

     138.   Plaintiff asserts that, SunTrust under the Federal FDCPA (Fair Debt Collection Practices Act) is required

to provide Plaintiff Information on the Outstanding of Overdraft Charges in the amount of **$450.19** before SunTrust Filing

**COUNTERCLAIM"** against Plaintiff on <u>February 13, 2019</u> at the United States District Court for the District of Maryland

with Civil Case **No. 8:19-CV-00248-PWG**. *(See Exhibits 3 and 4).*

139.   Plaintiff asserts that; 15 U.S.C. § 1692g (a)(d) under Fair Debt Collection Practices Act (FDCPA

provides in pertinent part:

---

16        U.S.C. § 1692g (a) Notice of debt; "contents within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing. (d) Legal pleadings: A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)".

140.   Plaintiff asserts that; by reason of SunTrust's Failure to Provide Plaintiff Information on the Said

Outstanding Overdraft Payment that; Plaintiff has suffered damages including but not limited to, fear, stress, mental

anguish, emotional stress and acute embarrassment.

141.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against SunTrust in

the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus

interest, costs and any other relief this Court deems just and proper.

## COUNT 12:
## VIOLATION 15 U.S. CODE § 1692E, 1692E AGAINST ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE  AND MONTECALVO

142.   Paragraphs 1 through 141 are re-alleged as though fully set forth herein.

143.   As set forth herein; allegations of Violation of Fair Debt Collection Practices Act, et seq., (FDCPA)

against Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo.

144.   Plaintiff asserts that, Defendants By **Their LETTER with Creditor Account #: 0442517090**, Dated

February 1, 2019 that Plaintiff Received on February 15, 2019 Violated Fair Debt Collection Practices Act, et seq.,

(FDCPA) by Demanding the Payment of **$480.19** which Plaintiff Does Owe SunTrust neither Defendants.

145.   Plaintiff asserts that; Defendants used materially false, deceptive, misleading representations means in

its attempted collection of the alleged debt.

146.   Plaintiff asserts that; Defendants' communications were designed to cause the debtor to suffer a harmful

disadvantage in charting a course of action in response to Defendants' collection efforts.

147.   Plaintiff asserts that; the FDCPA ensures that consumers are fully and truthfully apprised of the facts

and of their rights, the act enables them to understand, make informed decisions about, and participate fully and

meaningfully in the debt collection process.

148.    Plaintiff asserts that; the purpose of the FDCPA is to provide information that helps consumers to choose intelligently and that; Plaintiff Does Not Owe the Said Amount of **$480.19** to SunTrust or Defendants.

149.    Plaintiff asserts that; the Defendants' false representations misled the Plaintiff in a manner that deprived Him of His right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act and that; Plaintiff Does Not Owe Said Amount of **$480.19** to SunTrust for which Plaintiff should not be disturbed.

150.    Plaintiff asserts that; Plaintiff Does Not Owe the Said Amount of **$480.19** to SunTrust.

151.    Plaintiff asserts that; these Defendants' deceptive communications additionally violated the FDCPA since they frustrate Plaintiff's ability to intelligently choose his response.

152.    Plaintiff seeks to end these Defendants' violations of the FDCPA.

153.    Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

154.    Plaintiff is entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

155.    WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo in the amount of $5,000,000.00 in compensatory damages in the amount of $8, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT 13:
### ALLEGATIONS THAT ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE AND MONTECALVO BY THEIR LETTER VIOLATED 15 U.S. CODE § 1692E

156.    Paragraphs 1 through 155 are re-alleged as though fully set forth herein.

157.    As set forth herein; allegations and against Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo That; Defendants By Their **LETTER with Creditor Account #: 0442517090**, Dated February 1, 2019 that Plaintiff Received on February 15, 2019 Violated 15 U.S. Code §1692e.

158.    The Defendants failed to properly disclose the amount of the debt, causing the Plaintiff to be uncertain of his rights and leaving him utterly confused as to the total amount he owes now and or in the future.

159.    The Defendant also violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

23

160.   Defendant's letters are in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692g(a)(1) for misrepresenting the amount of the debt owed, for engaging in deceptive and misleading practices and for failing to state the accurate amount of the debt.

161.   Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

162.   Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

163.   Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

164.   Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

165.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo in the amount of $5,000,000.00 in compensatory damages in the amount of $8, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 14:
### ALLEGATIONS OF ACTUAL MALICE AND WITH ANIMOSITY AND PREJUDICE AND HATRED TOWARDS PLAINTIFF AND  SUNTRUST STRONG INCLINATIONS TO KEEP PLAINTIFF IN PERPETUAL OVERDRAFT PAYMENTS--
--------------AGAINST SUNTRUST

166.   Paragraphs 1 through 165 are re-alleged as though fully set forth herein.

167.   As set forth herein; Allegations of Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and SunTrust's Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments; Against SunTrust.

168.   Plaintiff alleges that; SunTrust's **COUNTERCLAIM** against Plaintiff Filed on February 13, 2019 at the United States District Court for the District of Maryland with Civil Case **No. 8:19-CV-00248-PWG** is influenced by SunTrust's Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically Because; in the **COUNTERCLAIM** that; SunTrust Demands For An Overdraft Payment in the Amount of $450.19 and that; Plaintiff Does Not Make Car Notes Payments in the of $450.19. *(See Exhibit No. 3).*

169.   Plaintiff alleges that; SunTrust's **COUNTERCLAIM** by which SunTrust Claims An Overdraft Payment in the amount of $450.19 amounts to "**WASTEFUL  AND DOUBLE CAR NOTE PAYMENTS**"; For Plaintiff; Because,

Starting from July 1, 2018 that; Plaintiff  Makes His Car Note Payments through Different Banks and that; Plaintiff is

current with Plaintiff's Car Note Payments as described in the Documents in the Footnote hereunder as follows:

---

[17]      Copies of Plaintiff's Car Note Payments that Plaintiff has made through different banks starting from July 2018 to the present are hereby **Marked Exhibit No. 7.**

170.   Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress

and acute embarrassment.

171.   Plaintiff is entitled to preliminary and permanent injunctive relief, including, declaratory relief, and

damages.

172.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant

SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive

damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 15:
## DEFAMATION WITH MALICE .......... (AGAINST SUNTRUST)

173.   Paragraphs 1 through 172 are re-alleged as though fully set forth herein.

174.   As set forth herein, Defamation with Malice against Defendant SunTrust.

175.   Plaintiff asserts that; Defendant SunTrust Has Intentionally Made Defamatory Statements and Claims

of Unpaid Overdraft in the amount of **$450.19** with Malice to Third Parties Regarding Plaintiff.

176.   Plaintiff asserts that; Defendant SunTrust intentionally made  Defamatory Statements with Malice  by

Providing False and Untrue Statements and Claims that; Plaintiff was Owing An Overdraft in the amount of **$450.19** to

SunTrust for which SunTrust Has Filed **COUNTERCLAIM** against Plaintiff at on February 13, 2019 at the United States

District Court for the District of Maryland with Civil Case **No. 8:19-CV-00248-PWG**. *(See Exhibit No. 4)*.

177.    Plaintiff asserts that; Defendant SunTrust Made the Said Statements and Claims of an Unpaid

Overdraft Payment in the amount  of **$450.19** with malice and with Animosity and Prejudice and Hatred towards Plaintiff

and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust and with the Malicious Intent

to Hurt Plaintiff Emotionally and Economically.

178.   Plaintiff asserts that, Defendant SunTrust is legally at fault in making the; said statement and claims of

an outstanding overdraft payment in the amount of **$450.19**, because Plaintiff Does Not Owe an Outstanding Overdraft

Payment in the amount  of **$50.19** to SunTrust.

179.   Plaintiff asserts that; the Said Statement and Claims were  false per se, because; Plaintiff Does Not Owe An Outstanding Overdraft in the amount of **$450.19** to SunTrust.

180.   Plaintiff asserts that, Plaintiff Has Continued to Suffer Emotional Impairment including Mental Anguish, and that; SunTrust knows that; Plaintiff is receiving  treatments for Anxiety, Depression, Emotional Distress, Fear, Panic Attacks, Nightmares and Posttraumatic Stress Disorder ("PTSD"). *(See paragraph 30)*.

181.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 16:
### DEFAMATION WITH MALICE .......... (AGAINST SUNTRUST)

182.   Paragraphs 1 through 181 are re-alleged as though fully set forth herein.

183.   As set forth herein, Defamation with Malice against Defendant, SunTrust.

184.   Plaintiff asserts that; Defendant SunTrust Intentionally Provides False Claims and Untrue Statement to Third Parties Regarding Plaintiff by SunTrust False Claims that; Plaintiff is Owing An Overdraft Payment in the amount of **$450.19** to SunTrust.

185.   Plaintiff asserts that; Defendant SunTrust's  Said Statement and Claims of **$450.19** were False.

186.   Plaintiff asserts that, Defendant SunTrust is legally at fault in making the; said statement and claims of an overdraft outstanding payment in the amount of **$450.19**, because Plaintiff Does Not Owe an Overdraft Payment in the amount  of **$50.19** to SunTrust.

187.   Plaintiff asserts that; Defendant SunTrust Made the Said Statement and Claims of an Overdraft Payment in the amount of **$450.19** were made with malice and with intentions to hurt Plaintiff.

188.   Plaintiff asserts that; Defendant SunTrust Intentionally Provided False Claims and Untrue Statements to Third Parties Regarding Plaintiff by SunTrust False Claims that; Plaintiff Owes SunTrust an Overdraft Payment in the amount of **$450.19**. *( See Exhibit No. 4)*.

189.   Plaintiff has suffered impairment of his reputation and standing in the community and personal humiliation, mental anguish, and continues suffering.

190.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 17:
## DEFAMATION WITH MALICE .......... (AGAINST SUNTRUST)

191.   Paragraphs 1 through 190 are re-alleged as though fully set forth herein.

192.   As set forth herein, Defamation with Malice against Defendant, SunTrust because; Defendant SunTrust Intentionally Provided False and Untrue Statement to Third Parties Regarding Plaintiff by Falsely Claims that; Plaintiff is Owing An Overdraft in the amount of **$450.19** to SunTrust.

193.   Plaintiff asserts that, Defendant SunTrust's Claims of and Overdraft of **$450.19** is influenced by Actual and Defamatory Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust.

194.   Plaintiff asserts that Defendant SunTrust's Claim of an Overdraft in the amount of **$450.19** is false.

195.   Plaintiff alleges that; Defendant SunTrust is legally at fault in making Claim that; Plaintiff is owing SunTrust an Overdraft in the amount of **$450.19.**

196.   Plaintiff asserts that, Defendant SunTrust Maliciously Provided these False and Untrue Statements to Third Parties Regarding Plaintiff with intentions to hurt Plaintiff, because; Plaintiff Does Not Owe SunTrust an Overdraft in the amount of **$450.19**.

197.   Plaintiff by this Legal Action Challenges SunTrust to Provide Documents that Supports Defendant SunTrust's Claim that; Plaintiff is Owing SunTrust an Overdraft in the amount of **$450.19**.

198.   Plaintiff asserts that, Plaintiff Has Continued to Suffer Emotional Impairment including Mental Anguish, and that; SunTrust knows that; Plaintiff is receiving treatments for Anxiety, Depression, Emotional Distress, Fear, Panic Attacks, Nightmares and Posttraumatic Stress Disorder ("PTSD"). *(See paragraph 30).*

199.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 18:
## DEFAMATION WITH NEGLIGENCE-------------AGAINST SUNTRUST

200. Paragraphs 1 through 199 are re-alleged as though fully set forth herein.

201. As set forth herein, Defamation with Negligence Against SunTrust.

202. Plaintiff asserts that, Defendant SunTrust Has Intentionally Provided False Claims and Untrue Statements to Third Parties Regarding Plaintiff by Falsely Claims that Plaintiff is owing SunTrust an overdraft payments in the amount of **$480.19 and $450-19; Sum Of $930.38.**

203. Plaintiff asserts that SunTrust's Claims of an outstanding of overdraft payments in the amount of **$480.19 and $450-19; Sum Of $930.38** is false; because Plaintiff does not owe SunTrust an outstanding overdraft payments in the amount of **$480.19 and $450-19; Sum Of $930.38.**

204. Plaintiff asserts that; Said statement and claims are false.

205. Plaintiff asserts that Defendant SunTrust is legally at fault in making said statements and claims; because Plaintiff does not owe SunTrust an outstanding overdraft payments in the amount of **$480.19 and $450-19; Sum Of $930.38.**

206. Plaintiff asserts s that; Said statements and claims are defamatory per se in that the words themselves impute the defamatory character.

207. Plaintiff asserts that; Defendant SunTrust made said statements and claims with Negligence; because, Defendant SunTrust did not provide document that, Supports SunTrust's Statements and Claims of an outstanding overdraft payments in the amount of **$480.19 and $450-19; Sum Of $930.38.**

208. Plaintiff asserts that, Plaintiff Has Continued to Suffer Emotional Impairment including Mental Anguish, and that; SunTrust knows that; Plaintiff is receiving treatments for Anxiety, Depression, Emotional Distress, Fear, Panic Attacks, Nightmares and Posttraumatic Stress Disorder ("PTSD"). *(See paragraph 30).*

209. WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 19:
## DEFAMATION WITH NEGLIGENCE-------------AGAINST SUNTRUST

210. Paragraphs 1 through 209 are re-alleged as though fully set forth herein.

211.   As set forth herein,  Defamation with Negligence Against SunTrust.

212.   Plaintiff asserts that, Defendant SunTrust Has Intentionally Provided False Claims and Untrue Statements to Third Parties Regarding Plaintiff by Falsely Claims that Plaintiff is owing SunTrust an overdraft in the amount of **$450.19**.

213.   Plaintiff asserts that SunTrust's Claims of an outstanding of overdraft payment in the amount of **$450.19** is false; because Plaintiff does not owe SunTrust an  outstanding overdraft payment in the amount of **$450.19.**

214.   Plaintiff asserts that; Said statement and claim was false.

215.   Plaintiff asserts that Defendant SunTrust is legally at fault in making said statement and claim; because Plaintiff does not owe SunTrust an outstanding overdraft payment in the amount of **$450.199.**

216.   Plaintiff asserts that; Said statement and claim was defamatory per se in that the words themselves impute the defamatory character.

217.   Plaintiff asserts that; Defendant SunTrust made said statement and claim with Negligence; because, Defendant SunTrust did not provide document that, Supports SunTrust's Statement and Claim of an outstanding overdraft payment in the amount of **$450.199.**

218.   Plaintiff asserts that, Plaintiff Has Continued to Suffer Emotional Impairment including Mental Anguish, and that; SunTrust knows that; Plaintiff is receiving  treatments for Anxiety, Depression, Emotional Distress, Fear, Panic Attacks, Nightmares and Posttraumatic Stress Disorder ("PTSD"). *(See paragraph 30).*

219.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 20:
## ALLEGATION OF CONSTRUCTIVE FRAUD  CLAIMS.......... AGAINST SUNTRUST

220.   Paragraphs 1 through 219 are re-alleged as though fully set forth herein.

221.   As set forth herein, Allegation of Constructive Fraud Defendant, SunTrust.

222.   Plaintiff alleges that; SunTrust; Perpetrated Constructive Fraud on Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206, by SunTrust's Failure to Produce the Name of the Merchant or Merchants that Received **$450.19.**

223.   Plaintiff alleges that; SunTrust Perpetrated Constructive Fraud on Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206 by SunTrust's Failure to Produce A Copy of Plaintiff's SunTrust Personal Checking No.100015137206 Statement that Contains Information on the SunTrust's Payment of **$450.19**.

224.   Plaintiff alleges that; SunTrust Perpetrated Constructive Fraud on Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206 by SunTrust Accessing Plaintiff's SunTrust Personal Checking No. 100015137206; After the Account was Arbitrarily Closed by SunTrust on July 31, 2018.

225.   Plaintiff alleges that; Defendant SunTrust Perpetrated Constructive Fraud on Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206 by SunTrust Extending Surreptitious Overdraft Claims in the amount of **$450.19** that SunTrust Provided in the Payment to Merchant or Merchants Without Plaintiff's Authorization and in Violation of SunTrust's Rules and Regulations.

226.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 21:
## ALLEGATION Of CONSTRUCTIVE FRAUD  CLAIMS.......... AGAINST SUNTRUST

227.   Paragraphs 1 through 226 are re-alleged as though fully set forth herein.

228.   As set forth herein, Allegation of Constructive Fraud Defendant, SunTrust.

229.   Plaintiff alleges that; SunTrust Perpetrated Constructive Fraud on Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206 by SunTrust's Failure to **Provide Date on which $450.**19 was paid to a Merchant or Merchants from Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206.

230.   Plaintiff alleges that; SunTrust Perpetrated Constructive Fraud on Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206 by SunTrust Extending Surreptitious Overdraft in the amount of  **$450.19** and that; **Plaintiff's Down-graded SunTrust Bank Personal Checking Account No. 100015137206 Does Not Qualify for the Extension of Credits Without Defendant/Plaintiff Edokobi's Approval Due to Plaintiff's  Source of Income**.

231.   Plaintiff alleges that; SunTrust Perpetrated Constructive Fraud on Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206 by SunTrust's Failure to Produce a Single Document to Support SunTrust's Claim that; Plaintiff  Refusal to Pay an Overdraft in the amount of **$450.19**.

232.   Plaintiff alleges that; SunTrust Perpetrated Constructive Fraud on Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206 because; SunTrust's Claims of Paying A Merchant or Merchants the sum of $450.19 from Plaintiff's Down-graded SunTrust Personal Checking Number 100015137206 is a hoax and a fraud.

233.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 22:
## AIDING AND ABETTING MERCHANT-JOHN DOE OR MERCHANT-JANE DOE IN THE PAYMENT OF $450.19 FROM PLAINTIFF'S DOWN-GRADED SUNTRUST PERSONAL CHECKING NO. 100015137206-----------
## -----------AGAINST SUNTRUST)

234.   Paragraphs 1 through 233 are re-alleged as though fully set forth herein.

235.   As set forth herein, Aiding and Abetting Merchant-John Doe Or Merchant-Jane Doe in the Payment of $450.19 from Plaintiff's Down-Graded SunTrust Personal Checking No. 100015137206; Against SunTrust

236.   Plaintiff herein brings an allegation Aiding and Abetting against SunTrust, because SunTrust Aided and Abetted Merchant-John Doe or Merchant-Jane Doe in the Payment of $450.19 from Plaintiff's Down-graded SunTrust Personal Checking No.100015137206.

237.   Plaintiff alleges that, SunTrust Aided and Abetted Merchant-John Doe or Merchant-Jane Doe in the Payment of $450.19 and that; SunTrust Made the Payment Without Plaintiff's Authorization or Consent.

238.   Plaintiff alleges that, SunTrust for Aiding and Abetting Merchant-John Doe or Merchant-Jane Doe in the Payment of $450.19 and that; SunTrust Did Not Tell Plaintiff about the Payment up till February 13, 2019 through the SunTrust Counterclaim in the Civil Case No. 8:19-CV-00248-PWG.

239.   Plaintiff alleges that; by reason of SunTrust's Aiding and Abetting Merchant-John Doe or Merchant-Jane Doe in the Payment of $450.19 that, Plaintiff Suffered Economic and Financial Hardships, because; Plaintiff lives on Limited Income for which Plaintiff's SunTrust Personal Checking Account No. 100015137206 was Down-graded and that; SunTrust knows that Plaintiff lives on the Temporary Total Disability.

240.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendant SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 23:

### CIVIL CLAIM OF FRAUD UNDER FEDERAL RULES OF CIVIL
### PROCEDURE RULE 9(B). (FED. R. CIV. P. 9(B)) AGAINST SUNTRUST BANK, ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE AND MONTECALVO ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE AND MONTECALVO

241.     Paragraphs 1 through 240 are re-alleged as though fully set forth herein.

242.     As set forth herein, Civil Claim of Fraud Under Federal Rules of Civil  Procedure Rule 9(B). (Fed. R. Civ. P. 9(B)) Against Defendants Suntrust Bank, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo.

243.     Plaintiff asserts that; between <u>October 24, 2015 and February 15, 2019</u> that; Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust Made Payments in the amounts of **$480.19 and $450-19; Sum Of $930.38** to Merchant or Merchants Unknown to Plaintiff Out of Plaintiff's Down-graded SunTrust Personal Checking No. 100015137206 Without Plaintiff's Authorization and in Violation of SunTrust's Rules and Regulations Documentation. (*See Page 20 of  Exhibit No. 1*).

244.     Plaintiff brings this Civil Claims under Fraud pursuant to Fed. R. Civ. P. 9(b) against Defendant SunTrust because; SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust Bank and with the Malicious Intent to Hurt Plaintiff Economically and Emotionally that; Defendants SunTrust,  Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo Fraudulently Demand for Overdraft Payments in the amount of **$480.19 and $450-19; Sum Of $930.38.**

245.     Fed. R. Civ. P. 9(b) provides in pertinent part hereunder  in the Footnote as follows:

---

[18]     "Fed. R. Civ. P. 9( (b) Fraud Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally".

246.     WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo in the amount of $12,000,000.00 in compensatory damages in the amount of $20, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 24:

### AIDING AND ABETTING SUNTRUST IN THE DEMAND OF  PAYMENT OF $480.19  AGAINST ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE AND MONTECALVO

247.   Paragraphs 1 through 246 are re-alleged as though fully set forth herein.

248.   As set forth herein, Aiding and Abetting SunTrust in the Demand of  Payment of **$480.19** Against Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo.

249.   Plaintiff asserts that; Aiding and Abetting Claim is brought against  Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo, because Defendants by their **LETTER with Creditor Account #: 0442517090**, Dated February 1, 2019 that Plaintiff Received on February 15, 2019 Demanded for the Payment of **$480.19** and that Plaintiff Does Not Owe SunTrust the Said Money and Plaintiff Does Not Owe Defendants.

250.   Plaintiff asserts that; Aiding and Abetting Claim is brought against  Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo, because Defendants by their **LETTER with Creditor Account #: 0442517090**, Dated February 1, 2019 Aiding and Abetting SunTrust in Collection of Payment of **$480.19** and that; Plaintiff is absolutely certain that; Plaintiff Does Not Owe SunTrust **$480.19.**

5.   Plaintiff asserts that; Defendants Aided and Abetted SunTrust by Demanding the Payment of $480.19 of behalf of SunTrust and that; Plaintiff by Aiding and Abetting SunTrust injured Plaintiff by exposing Plaintiff sleeplessness and constant fear and Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

6.   Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

251.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants Associated, Robinson, Neel, Vinik, Wilson, Letendre, Montecalvo and SunTrust in the amount of $5,000,000.00 in compensatory damages in the amount of $8, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 25

### CONSPIRACY TO COMMIT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UPON PLAINTIFF AGAINST SUNTRUST, ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE AND MONTECALVO

252.   Paragraphs 1 through 251 are re-alleged as though fully set forth herein.

253.   As set forth herein, Conspiracy to Commit Intentional Infliction of Emotional Distress upon Plaintiff Against SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo.

254.  Plaintiff asserts that Defendant Conspired to Commit Intentional Infliction of Emotional Distress upon Plaintiff Against SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo because; Plaintiff Did Not Use the Said Money; Nor Ask For Said Money; in the Payments of Plaintiff's Car Notes and that; Plaintiff Does Not Owe of **$480.19 and $450-19; Sum Of $930.38** to SunTrust or Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo.

255.  Plaintiff asserts that; between <u>October 24, 2015 and February 15, 2019</u> SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust Bank and with the Malicious Intent to Hurt Plaintiff Economically and Emotionally that; SunTrust Conspired with, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo to Inflict Emotional Distress upon Plaintiff by Demanding for Overdraft Payments in the amount of **$480.19 and $450-19; Sum Of $930.38.**

256.  Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

257.  Plaintiff is entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

258.  WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo in the amount of $12,000,000.00 in compensatory damages in the amount of $20, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 26
### CONSPIRACY TO COMMIT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UPON PLAINTIFF AGAINST SUNTRUST, ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE AND MONTECALVO

259.  Paragraphs 1 through 258 are re-alleged as though fully set forth herein.

260.  As set forth herein, Conspiracy to Commit Intentional Infliction of Emotional Distress upon Plaintiff Against SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo.

261.  Plaintiff asserts that, SunTrust Conspired with Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo to Inflict Emotional Distress upon Plaintiff by Demanding **$480.19 and $450-19; Sum Of $930.38** and that; Plaintiff Did Not Use the Said Money; Nor Ask For Said Money in the Payment of Plaintiff's Car Note.

262.   Plaintiff asserts that; SunTrust; Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo Possessed Actual Knowledge that Plaintiff Suffers Emotional Distress, because at the Meeting with Mr. Joseph Hartlove Vice President Branch Manager at SunTrust Bank that; Plaintiff Informed Mr. Joseph Hartlove Vice President Branch Manager that; Plaintiff was receiving treatments of Anxiety, Depression, Emotional Distress, Fear, Panic Attacks, Nightmares and Posttraumatic Stress Disorder ("PTSD") and that; there is no motion on Plaintiff's Left Arm and Hand.

263.   Plaintiff asserts that; by the reason of SunTrust; Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo Inflicting Emotional Distress upon Plaintiff Has Had to  Increase the Dosage of Plaintiff's Emotional Distress Medication, because, SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo Deliberately and Intentionally Increased the Level of Plaintiff's Emotional Distress by Demanding the Payments of Overdraft in the amounts of **$480.19 and $450-19; Sum Of $930.38**

&#9;[19]   Plaintiff's Picture Medication Box is hereby **Marked Exhibit Number** 7.

264.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo in the amount of $12,000,000.00 in compensatory damages in the amount of $20, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

## COUNT 27

### CONSPIRACY TO COMMIT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UPON PLAINTIFF AGAINST SUNTRUST, ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE AND MONTECALVO

265.   Paragraphs 1 through 264 are re-alleged as though fully set forth herein.

266.   As set forth herein, Conspiracy to Commit Intentional Infliction of Emotional Distress upon Plaintiff Against SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo.

267.   Plaintiff asserts that, SunTrust Conspired with Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo to Inflict Emotional Distress upon Plaintiff by Demanding **$480.19 and $450-19; Sum Of $930.38** and that; Plaintiff Did Not Use the Said Money; Nor Ask For Said Money in the Payment of Plaintiff's Car Note.

268.   Plaintiff asserts that; SunTrust Conspired with Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo to Inflict Emotional Distress upon Plaintiff by Demanding **$480.19 and $450-19; Sum Of $930.38** and that; SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo possessed actual knowledge that

Plaintiff Suffers Emotional Distress, and that; SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and

Montecalvo possessed actual knowledge that Plaintiff Does Not Work Due to Medical Disability on Plaintiff[s Left-Hand

which was traumatized and severely injured in an Auto Accident on October 14, 2015 which occurred while performing

Plaintiff's Employer's Lawful Job Assignments in Washington D.C.

269.    Plaintiff asserts that, Plaintiff's Former Vocational Counsellor Ms. Kathy Stone's **SUMMARY** in the

Vocational Rehabilitation Document which Ms. Kathy Stone Submitted to Workers' Compensation Commission ("WCC")

on September 17, 2018 Confirms that Plaintiff Suffered Multiple Injuries as briefly described hereunder in the Footnote.

### MS. KATHY STONE'S VOCATIONAL REHABILITATION SUMMARY:

[20]    **"Mr. Edokobi, age 62, suffered multiple injuries** with **conservative care offered**, given his preinjury history, and developed PTSD post this accident. He is a US citizen, with no present driver's license with an evaluation to be scheduled, has no criminal record, is well educated and highly skilled, is computer literate and lives in a good labor market area. I am seeking Dr. Sheehan's restrictions and will complete a labor market survey while awaiting the driving evaluation results".

[21]    A Copy of Ms. Kathy Stone's Vocational Rehabilitation Document submitted to WCC on September 17, 2018; which is public document is hereby **Marked Exhibit Number 8.**

270.    WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants

SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo in the amount of $12,000,000.00 in

compensatory damages in the amount of $20, 000,000.00 in punitive damages, plus interest, costs and any other relief

this Court deems just and proper.

### COUNT 28
### CIVIL FRAUD CLAIM UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 9(B) (FED. R. CIV. P. 9(B)) AGAINST SUNTRUST, ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE AND MONTECALVO

271.    Paragraphs 1 through 270 are re-alleged as though fully set forth herein.

272.    As set forth herein, Civil Fraud Claim Under Federal Rules of Civil Procedure Rule 9(B) (Fed. R. Civ.

P. 9(B)) against SunTrust, Associated, Robinson, Neel, Vinik,  Wilson, Letendre and Montecalvo.

273.    Plaintiff asserts that, SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo

Perpetuated Fraud on Plaintiff's Down-graded SunTrust Personal Checking Number 100015137206, by Fraudulently

Claiming that;  there are Unpaid Overdraft Payments in the amounts of **480.19 and $450-19; Sum Of $930.38.**

274.    Plaintiff asserts that; between October 24, 2015 and February 15, 2019 SunTrust with Actual Malice

and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual

Overdraft Payments to SunTrust Bank and with the Malicious Intent to Hurt Plaintiff Economically and Emotionally that; SunTrust Conspired with, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo to Perpetuated Fraud on Plaintiff's Down-graded SunTrust Personal Checking Number 100015137206, by Fraudulently Claiming that; there are Unpaid Overdraft Payments in the amounts of **480.19 and $450-19; Sum Of $930.38.**

275.    Plaintiff asserts that; Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

276.    Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

277.    WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo in the amount of $12,000,000.00 in compensatory damages in the amount of $20, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT 29
### VIOLATION OF (FAIR DEBT COLLECTION PRACTICES ACT) PURSUANT TO 15 U.S. CODE § 1692E (10) (11) AGAINST SUNTRUST, ASSOCIATED, ROBINSON, NEEL, VINIK, WILSON, LETENDRE AND MONTECALVO

278.    Paragraphs 1 through 277 are re-alleged as though fully set forth herein.

279.    As set forth herein, Violation of (Fair Debt Collection Practices Act) Pursuant to 15 U.S. Code § 1692e (10) (11) against SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo.

280.    Plaintiff asserts that, SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo Violated FDCPA (Fair Debt Collection Practices Act) Pursuant to 15 U.S.C. § 1692e (10)(11) by; SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo Providing False Representation that, includes Demanding for Overdraft Payments in the amount of **480.19 and $450-19; Sum Of $930.38.**

281.    Plaintiff asserts that, Federal FDCPA (Fair Debt Collection Practices Act) pursuant to 15 U.S.C. § 1692e (10)(11) Prohibits SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo from Providing Information that; Plaintiff is Owing SunTrust Over Draft Payments in amount of **480.19 and $450-19; Sum Of $930.38.**

282.    Plaintiff asserts that, SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo Violated FDCPA (Fair Debt Collection Practices Act) Pursuant to 15 U.S.C. § 1692e (10)(11) by Defendants False Claims of Outstanding Over Draft Payments in amount of **480.19 and $450-19; Sum Of $930.38.**

283.  Plaintiff asserts that, SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre and Montecalvo Violated FDCPA (Fair Debt Collection Practices Act) Pursuant to 15 U.S.C. § 1692e (10)(11) by Providing False Information Regarding the Overdraft Payment in the amount of **480.19 and $450-19; Sum Of $930.38, and that; those amounts Did Not Reflect in the Plaintiff's** SunTrust Personal Checking Number 100015137206 Statements for Months of May 2018 and Month of June 2018. *(See Exhibit No. 3).*

284.  WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo in the amount of $12,000,000.00 in compensatory damages in the amount of $20, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT 30:
### UNJUST ENRICHMENT CLAIMS BY USURPATION UNDER MARYLAND COMMERCIAL LAW ARTICLE § 13-303(1) PURSUANT TO MARYLAND CONSUMER PROTECTION ACT (MCPA) ---- AGAINST SUNTRUST BANK

285.  Paragraphs 1 through 284 are re-alleged as though fully set forth herein.

286.  As set forth herein, Unjust Enrichment Claims by Usurpation Under Maryland Commercial Law Article § 13-303(1) Pursuant To Maryland Consumer Protection Act (MCPA); Against Suntrust Bank.

287.  Plaintiff asserts that; brings; Unjust Enrichment Claims under Maryland Commercial Law Article § 13-303(1) pursuant to Maryland Consumer Protection Act (MCPA); against SunTrust, because, Accessed Plaintiff's Down-graded SunTrust Personal Checking Number 100015137206 and SunTrust Took the amount of **$119.90.**

288.  Plaintiff asserts that; SunTrust **Unjustly Enriched Itself by Taking $119.90 from Plaintiff's** Down-graded SunTrust Personal Checking Number 100015137206 and that; SunTrust Had Not Legal Right to Unjustly Enriched Itself by Taking **$119.9** from Plaintiff's Account. *(See Exhibit NO. 3).*

289.  Plaintiff asserts that; between October 24, 2015 and February 15, 2019 that; Defendant SunTrust with Actual Malice and with Animosity and Prejudice and Hatred towards Plaintiff and with Strong Inclinations to keep Plaintiff in Perpetual Overdraft Payments to SunTrust and with the Malicious Intent to Hurt Plaintiff Emotionally and Economically that; SunTrust Recklessly **Unjustly Enriched Itself by Taking $119.90 from Plaintiff's** Down-graded SunTrust Personal Checking Number 100015137206.

38

290.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### COUNT 31:
### UNJUST ENRICHMENT CLAIMS UNDER MARYLAND COMMERCIAL LAW ARTICLE § 13-303(1) PURSUANT TO MARYLAND CONSUMER PROTECTION ACT (MCPA)-----AGAINST SUNTRUST

291.   Paragraphs 1 through 290 are re-alleged as though fully set forth herein.

292.   As set forth herein, Unjust Enrichment Claims by Usurpation Under Maryland Commercial Law Article § 13-303(1) Pursuant To Maryland Consumer Protection Act (MCPA); Against Suntrust Bank.

293.   Plaintiff asserts that; SunTrust Bank Violated Unjust Enrichment under Maryland Commercial Law Article § 13-303(1) pursuant to Maryland Consumer Protection Act (MCPA), because; SunTrust Bank has developed a pattern of practice of Allowing Merchants known and unknown to Take Money from -Plaintiff's Down-graded SunTrust Personal Checking Number 100015137206 Without Plaintiff's Authorization.

294.   Plaintiff asserts that; SunTrust Bank Violated Unjust Enrichment under Maryland Commercial Law Article § 13-303(1) pursuant to Maryland Consumer Protection Act (MCPA), because; In Current Issue; SunTrust Allowed John Doe Merchant or Jane Doe Merchant to Take **480.19 and $450-19; Sum Of $930.38** from Plaintiff's Down-graded SunTrust Personal Checking Number 100015137206; and then; SunTrust would Charge Overdrafts therefore creating Unjust Enrichment in Violation of Maryland Consumer Protection Act (MCPA).

295.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against SunTrust in the amount of $7,000,000.00 in compensatory damages in the amount of $12, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### V.      DEMANDS FOR COMPENSATORY, DECLARATORY AND PUNITIVE DAMAGES AGAINST TMCC AND SUNTRUST BANK

296.   WHEREFORE, the foregoing considered, Plaintiff respectfully demands judgment against Defendants SunTrust, Associated, Robinson, Neel, Vinik, Wilson, Letendre And Montecalvo in the amount of $12,000,000.00 in compensatory damages in the amount of $20, 000,000.00 in punitive damages, plus interest, costs and any other relief this Court deems just and proper.

### VII.   PRAYER FOR RELIEF

297.   WHEREFORE, the foregoing considered, Plaintiff respectfully requests that this Court enters judgment in his favor and against the Defendants in compensatory damages and in punitive damages in the amount of $32, 000,000.00.

298.   Plaintiff respectfully requests this Court Grants Appropriate declaratory and other injunctive and/or equitable relief;

299.    Compensatory and consequential damages, including damages for emotional distress, loss of enjoyment of life as the result of Defendants Taking Money from Plaintiff's SunTrust Bank Account Without Plaintiff's Authorization;

300.   Suffering on all claims allowed by law in an amount to be determined at trial;

301.    All economic losses on all claims allowed by law;

302.   Pre- and post-judgment interest at the lawful rate;

303.    Any further relief that this court deems just and proper, and any other relief as allowed by law should be granted to Plaintiff.

304.   Plaintiff Requests Trial By Jury On All Issues So Triable Pursuant To Md. Rule 2-325(a) and Md. Rule 2-511(a) and Plaintiff will not stipulate to a jury of less than twelve (12) jurors.

Respectfully Submitted,

Emmanuel Edokobi, Pro se
2005 Stratton Drive
Potomac Maryland 20854
Telephone Cell: 301-793-2882
E-mail: emmanuel2040@gmail.com