IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| EMMANUEL EDOKOBI, | * |
| Plaintiff, | * |
| v. | *   Case No.: PWG-19-1071 |
| SUNTRUST BANK *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Emmanuel Edokobi brought this suit against SunTrust Bank and Associated Credit Services, Inc. and six of its employees[1] (collectively, "ACS") regarding a debt of $480.19 that Edokobi accrued after his SunTrust bank account was overdrawn following a car payment to Toyota Motor Credit Corporation ("TMCC"). Edokobi previously filed suit against SunTrust and TMCC based on the same disputed car payment and overdraft fees and SunTrust filed a counterclaim for Edokobi's unpaid account balance. *Edokobi v. Toyota Motor Credit Corporation, et al.*, No. PWG-19-248 (D. Md.) ("*Edokobi I*"). In that case I granted summary judgment in favor of SunTrust and TMCC on all of Edokobi's claims and in favor of SunTrust on its counterclaim against Edokobi. *Id.*, Mem. Op. and Order, *Edokobi I*, ECF No. 98 (Mar. 2, 2020). Pending here are SunTrust and ACS's motions for summary judgment.[2] Because the claims and issues in this case already were decided in the *Edokobi v. Toyota Motor Credit*

---

[1] The Associated Credit Services employees that Edokobi named as defendants are Andrew Robinson, Jason Neel, [Renee] Vinik, Donna Wilson, Alfred Letendre, and Christine Montecalvo.

[2] The motions are fully briefed. *See* ECF Nos. 29, 30, 37, 41, 45, 46, 51, 57, 58. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018).

*Corporation, et al.*, No. PWG-19-248 (D. Md.), Defendants' motions for summary judgment are granted based on the doctrines of claim and issue preclusion. Edokobi also filed several requests for a pre-motion conference following my procedure for filing substantive motions. Because summary judgment is granted in favor of defendants, and for the reasons discussed below, these requests are denied and this case will be closed.

**Background**

Edokobi filed this suit in the Circuit Court for Montgomery County, Maryland. In a complaint spanning more than 300 paragraphs, Edokobi alleges 31 counts against SunTrust and ACS based on Maryland and federal law. The claims arise out of a disputed overdraft on Edokobi's SunTrust bank account. *See generally*, Compl. ECF No. 2. In short, the undisputed record indicates that Edokobi had an account with SunTrust Bank and the account was debited $536.34 for a car payment to TMCC. *See* Affidavit of Joseph M. Hartlove, Ex. A, ECF No. 29, ¶ 11. The account lacked sufficient funds to cover the debit, so Edokobi's account became overdrawn and Edokobi was charged an overdraft fee. *See id*. Edokobi also was charged regular account maintenance fees. *See id*. Edokobi disputed the debit and charges with SunTrust and TMCC, and, although Edokobi did have a car loan with TMCC and made regular payments from his SunTrust account, TMCC sent Edokobi a check refunding him for his disputed debit. *See id.*, ¶¶ 10–17. The check would have covered the negative balance on Edokobi's SunTrust account. However, Edokobi did not deposit the check because he wanted to sue for pain and suffering damages. *See id.*, ¶¶ 17, 19; Call Summary, Ex. J, ECF No. 12. Edokobi did not pay the balance on his SunTrust account, and eventually SunTrust charged off the account with a balance of $480.19 owed, consisting of $440.19 overdraft and $40.00 in fees, closed the account, and assigned the debt to ACS for collection. *See* Hartlove Aff., ¶¶ 19–22.

Edokobi then filed suit against SunTrust and TMCC in *Edokobi I*. He alleged 30 counts against SunTrust and TMCC for breach of contract, breach of fiduciary duty, unjust enrichment, aiding and abetting, promissory estoppel, "malicious act of tampering," civil conspiracy, "conspiracy to negligence," intentional infliction of emotions distress, and violations of the Maryland Commercial Code, the Maryland Consumer Protection Act, the Maryland Confidential Records Act, and the federal Fair Debt Collection Practices Act ("FDCPA"). *See Edokobi I*, Mem Op. Mem. Op. and Order at 8–19. SunTrust filed a counterclaim for breach of contract for $450.19 for the overdraft balance and maintenance fee on Edokobi's account. *See id*. at 19.

After SunTrust filed its counterclaim in *Edokobi I*, Edokobi filed this suit against SunTrust and ACS. Here Edokobi alleges 31 counts against SunTrust and ACS for breach of contract, defamation, fraud, aiding and abetting, unjust enrichment, conspiracy to commit intentional infliction of emotional distress, and violations of the Maryland Financial Code and FDCPA. The alleged bases for the claims are nearly identical to those alleged in *Edokobi I*, as all of the claims arise out of the same disputed TMCC debit and overdrawn balance on Edokobi's SunTrust account. The only material differences are that Edokobi incorporates SunTrust's counterclaim in *Edokobi I* as an additional basis for his claims against SunTrust here and Edokobi sues ACS instead of TMCC as a second defendant. The claims against ACS are based on ACS's efforts to collect Edokobi's negative account balance, which the record shows amount to one letter and one phone call. *See* ACS Letter, Ex. A-1, ECF No. 30; Call Transcript, Ex. A-2, ECF No. 30. Edokobi requests $12 million in compensatory damages and $20 million in punitive damages. Compl., ¶ 296.

The parties briefed motions for summary judgment in both cases. On March 2, 2020, I granted summary judgment in favor of SunTrust and TMCC on Edokobi's claims and in favor of

3

SunTrust on its counterclaim in *Edokobi I*. Mem. Op. and Order, *Edokobi I*. In doing so I found that there was no basis for SunTrust and TMCC's liability on Edokobi's asserted claims and that Edokobi was contractually obligated to deposit sufficient funds to cover any overdraft and associated fees in his SunTrust account and owed a balance of $450.19. *Id.* at 20–22. After granting summary judgment to SunTrust and TMCC in *Edokobi I*, the parties in this case briefed the additional defenses of claim and issue preclusion. *See* ECF Nos. 51, 57, 58. SunTrust and ACS's motions for summary judgment, including on these additional defenses, are ripe for review.

In accordance with my pre-motion procedures, Edokobi filed several requests for pre-motion conferences. First, Edokobi filed a request to join TMCC as a defendant in this case. ECF No. 34. SunTrust, ACS, and TMCC opposed the request. ECF Nos. 40, 42, 43. Edokobi then withdrew this request. ECF No. 55. Second, Edokobi filed a request to file a Rule 50 Motion for Judgment as a Matter of Law. ECF No. 54. Third, Edokobi filed a request to withdraw the affidavit of SunTrust employee Joseph M. Hartlove. ECF No. 56. Finally, Edokobi requested a conference to file a sur-reply to SunTrust and ACS's reply letter on the issues of claim and issue preclusion. ECF No. 59. These issues are addressed below.

**Discussion**

This case can be resolved based on the doctrines of claim preclusion and issue preclusion given my prior ruling in the nearly identical case, *Edokobi I*.[3] "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553

---

[3] Claim preclusion and issue preclusion are sometimes collectively referred to as res judicata. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). However, sometimes the term res judicata is used to refer only to claim preclusion and the term collateral estoppel is used to refer to issue preclusion. For clarity, I refer to the doctrines as claim preclusion and issue preclusion here.

U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim. *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. at 748–749)). "By 'precluding parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (*quoting Montana v. United States,* 440 U.S. 147, 153–154 (1979) (internal alteration marks omitted)).

My first task is to determine what rules of claim and issue preclusion apply to my judgment in *Edokobi I*. In *Taylor v. Sturgill*, the Supreme Court explained, "The preclusive effect of a federal-court judgment is determined by federal common law." 553 U.S. at 891. For federal court judgments on federal questions, this Court must follow federal preclusion principles. *See, e.g.*, *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). For federal judgments on state law claims based on supplemental jurisdiction, the "[t]he federal rule of decision in such cases is to apply state preclusion law, unless the state preclusion law is incompatible with federal interests." *Hately v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019). In *Edokobi I*, this Court had original jurisdiction over Edokobi's federal claims and supplemental jurisdiction over his Maryland state law claims. I have no reason to find that Maryland law on preclusion is incompatible with federal interests here. Therefore the preclusive effect of my judgment on the federal claims in *Edokobi I* is based on federal principles of preclusion and the preclusive effect of my judgment on the state law claims in *Edokobi I* is based on Maryland law.

Although either appears to be sufficient to preclude Edokobi's claims in this case, for completeness I discuss both.

Under Maryland law, the elements for claim preclusion are "(1) that the parties in the present litigation are the same or in privity with the parties in the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and (3) that there has been a final judgment on the merits." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (citing *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005)). Federal principles of claim preclusion are nearly identical. The Fourth Circuit has held that federal principles of claim preclusion require (1) "claims by the same parties or their privies," and (2) "a subsequent suit based on the same cause of action[,]" and (3) "a judgment on the merits in a prior suit." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.,* 914 F.2d 39, 42 (4th Cir. 1990)) (internal quotation marks omitted). Under both Maryland and federal principles of claim preclusion, the second suit does not need to proceed on the same legal theory to be precluded, as long as it arises from the same transaction. *See Anne Arundel Cty. Bd. of Educ. v. Norville*, 887 A.2d at 1038 ("Under the transactional approach, if the two claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously."); *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d at 210 ("As long as the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect." (quoting *Aliff v. Joy Mfg. Co.,* 914 F.2d 39, 42 (4th Cir.1990) (internal quotation marks omitted)).

In Maryland, the doctrine of issue preclusion bars relitigation of an issue if a defendant demonstrates that (1) "the issue decided in the prior adjudication [was] identical with the one

6

presented in the action in question"; (2) "there [was] a final judgment on the merits"; (3) "the party against whom the plea is asserted [was] a party or in privity with a party to the prior adjudication"; and (4) "the party against whom the plea is asserted [was] given a fair opportunity to be heard on the issue." *Garrity v. Md. State Bd. of Plumbing*, 135 A.3d 452, 459 (Md. 2016) (quoting *Colandrea v. Wilde Lake Cmty. Assoc.*, 761 A.2d 899 (Md. 2000)). Again the federal principles are nearly identical. Under federal principles, an issue is precluded when "'(1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding: (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.'" *Williams v. Romarm S.A.*, 116 F. Supp. 3d 631, 637 (D. Md. 2015) (quoting *Sedlack v. Braswell Servs. Group. Inc.,* 134 F.3d 219, 224 (4th Cir.1998)).

  SunTrust is entitled to summary judgment based on both claim and issue preclusion given my judgment in *Edokobi I*. As for claim preclusion, (1) SunTrust and Edokobi are both parties in this case and *Edokobi I*; (2) this case involves the same claims as *Edokobi I* because they arise from the same transaction; and (3) there was a final judgment on the merits in *Edokobi I* in favor of SunTrust on Edokobi's claims against it and in favor of SunTrust on its counterclaim against Edokobi. This satisfies all of the elements for claim preclusion under federal and Maryland law. *See Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d at 162; *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d at 210. It is not relevant that Edokobi alleges different legal theories here. *See Anne Arundel Cty. Bd. of Educ. v. Norville*, 887 A.2d at 1038; *Ohio Valley Envtl. Coal. v.*

*Aracoma Coal Co.*, 556 F.3d at 210. Therefore SunTrust is entitled to summary judgment on all of Edokobi's claims based on claim preclusion from my judgment in *Edokobi I*.

For issue preclusion, (1) the issues regarding Edokobi's overdrawn SunTrust account and outstanding balance with SunTrust here are identical to those decided in *Edokobi I*; (2) there was a final judgment on the merits in *Edokobi I* in favor of SunTrust on Edokobi's claims against it and in favor of SunTrust on its counterclaim against Edokobi; (3) the determination of these issues was a critical and necessary part of the judgment in *Edokobi I* given that they formed the basis for all of Edokobi's claims and SunTrust's counterclaim; (4) issue preclusion is asserted against Edokobi, who was a party in *Edokobi I*; and (5) Edokobi was given a fair opportunity to be heard on the issues in *Edokobi I* given that these issues were litigated fully and decided on a summary judgment record. This satisfies all of the elements for issue preclusion under federal and Maryland law. *See Garrity v. Md. State Bd. of Plumbing*, 135 A.3d at 459; *Williams v. Romarm S.A.*, 116 F. Supp. 3d at 637. Given that these issues regarding Edokobi's overdrawn SunTrust account and outstanding balance with SunTrust form the basis of all of Edokobi's claims here, issue preclusion provides an independent basis for summary judgment on behalf of SunTrust.

ACS also is entitled to summary judgment based on issue preclusion. Applying the elements of federal and Maryland issue preclusion: (1) the issues regarding Edokobi's overdrawn SunTrust account and outstanding balance with SunTrust here are identical to that decided in *Edokobi I*; (2) there was a final judgment on the merits in *Edokobi I* against Edokobi on all of his claims and in favor of SunTrust on its counterclaim against Edokobi; (3) the determination of these issues was a critical and necessary part of the judgment in *Edokobi I* given that they formed the basis for all of Edokobi's claims and SunTrust's counterclaim; (4) issue preclusion is asserted

against Edokobi, who was a party in *Edokobi I*; and (5) Edokobi was given a fair opportunity to be heard on the issues in *Edokobi I* given that these issues were litigated fully and decided on a summary judgment record. This satisfies all of the elements for issue preclusion under federal and Maryland law. *See Garrity v. Md. State Bd. of Plumbing*, 135 A.3d at 459; *Williams v. Romarm S.A.*, 116 F. Supp. 3d at 637. While SunTrust assigned this debt to ACS, that does not put Edokobi's claims against ACS out of the preclusive reach of my prior judgment because it is the validity of the underlying debt that forms the basis of all of Edokobi's claims against ACS. Therefore, because this issue was already decided in *Edokobi I*, ACS is entitled to summary judgment on all of Edokobi's claims.

Edokobi makes several arguments to avoid preclusion, but they are unavailing. First, Edokobi argues that his claims against ACS should not be precluded because ACS was not a party in *Edokobi I*. ECF No. 57 at 3. But Maryland and federal law do not require ACS to be a party in the prior case for issue preclusion to apply against Edokobi. It is enough that preclusion is being asserted against Edokobi and Edokobi had a full and fair opportunity to litigate the issues in the prior suit. *See Garrity v. Md. State Bd. of Plumbing*, 135 A.3d at 459; *Williams v. Romarm S.A.*, 116 F. Supp. 3d at 637. Edokobi also argues that I should be disqualified from ruling on these motions given that he has appealed the judgment in *Edokobi I* to the Fourth Circuit. ECF No. 57 at 4. Edokobi cites my Letter Order in one of his prior cases, ECF No. 25 (Dec. 3, 214), *Edokobi v. M & M Mortgage Services, Inc.*, No. PWG-13-3707. In that Letter Order, I explained that I could not reconsider the dismissal of his claim in that case because he had appealed it to the Fourth Circuit, divesting this Court of jurisdiction to consider his motion. *Id.* That is not the situation here. This Court is not divested of jurisdiction to rule on the summary judgment motions in this case because Edokobi has appealed my ruling in *Edokobi I*.

Therefore, for the reasons stated above, SunTrust is entitled to summary judgment on Edokobi's claims against it based on claim preclusion and issue preclusion, and ACS is entitled to summary judgment on Edokobi's claims against it based on issue preclusion.

Next, I address Edokobi's outstanding requests for conference. First, Edokobi filed a request to join TMCC as a defendant in this case and SunTrust, ACS, and TMCC filed letters in opposition. ECF Nos. 34, 40, 42, 43. Edokobi then withdrew this request, which resolves the issue. ECF No. 55.

Second, Edokobi filed a request to file a Motion for Judgment as a Matter of Law based on Federal Rule of Civil Procedure 50. ECF No. 54. A Federal Rule of Civil Procedure 50 motion is only appropriate after a jury trial. Because summary judgment is granted in favor of defendants, and this case will not be proceeding to a jury, Edokobi's request is denied.

Third, Edokobi filed a request for a motion to compel SunTrust employee Joseph M. Hartlove to withdraw his affidavit. ECF No. 56. The basis for the request appears to be that Edokobi believes that Defendants admitted they are pursuing two different claims, one for $480.19 and one for $450.19. The former relates to the overdrawn balance and fees that were charged off for Edokobi's account for collection by ACS. The latter relates to the $450.19 judgment awarded to SunTrust for its counterclaim in *Edokobi I*. This $30 difference appears to be related to the amount of fees charged to Edokobi's account that SunTrust included in its counterclaim in *Edokobi I*. This is not a basis to compel the withdrawal of Mr. Hartlove's affidavit. Therefore Edokobi's request is denied. Nor does this $30 difference provide a basis to sustain any of Edokobi's claims here, as the record shows that the $480.19 balance charged off on Edokobi's account consisted of $440.19 overdraft and $40.00 in fees. *See* Hartlove Aff., ¶¶ 19–22. Therefore to the extent this $30 constitutes an additional issue not covered by the

judgment in *Edokobi I*, summary judgment is granted in favor of SunTrust and ACS regarding any portion of Edokobi's claims related to these additional fees.  But to be clear, the Judgment in *Edokobi I* does not entitle SunTrust and ACS to duplicative recovery regarding Edokobi's unpaid account balance.

Finally, Edokobi requested a conference to file a sur-reply to SunTrust and ACS's reply letter on the issues of claim and issue preclusion.  ECF No. 59.  SunTrust and ACS did not raise any new issues in their reply that would warrant a sur-reply.  Therefore, Edokobi's request is denied.  *See* Local Rule 105.2(a) (D. Md. 2018).  However, I note that even if Edokobi's proposed sur-reply was permitted to be filed, it would not change the outcome of this case.

## Conclusion

In sum, SunTrust and ACS are entitled to summary judgment on all 31 of Edokobi's claims given the preclusive effect of my prior judgment in *Edokobi I*.  The claims against SunTrust are precluded under federal and Maryland principles of claim and issue preclusion. The issues raised in Edokobi's claims against ACS are precluded under federal and Maryland principles of issue preclusion.  In light of this ruling, and for the reasons stated herein, Edokobi's requests for a conference to file additional motions are denied.  This case will be closed.  A separate Order will issue.

| | |
|---|---|
|    July 22, 2020    |    /S/    |
| Date | Paul W. Grimm |
| | United States District Judge |